Carson *vs*. Lucas.

Dsbt.

ERROR TO JEFFERSON CIRCUIT COURT.

Case 17,

Judge MARSHALL delivered the opinion of the court.

July 3.

A writing in these words, "Due W. S. D. M., ninty-six dollars sixty cents, balance due for wages as clerk of steamer Kentucky, No. 2," signed F. P. C., Captain, does not import a promise on the part of F. P. C. to pay. It is but a certificate of the captain that the owners of the boat are so indebted. (See 8 *B. Monroe*, 625–6.)

This action was brought by Lucas, as the assignee of Megowan, upon the following instrument, filed with the petition, viz: "Due W. S. D. Megowan ninety-six dollars and sixty cents, balance due for wages as clerk of steamer Kentucky, No. 2. F. P. CARSON, *Captain*."

Case stated,

The question is, whether this writing evidences a debt due by Carson personally, and which he is bound to pay, or whether it evidences a debt of the steamboat and its owners. It is to be observed that there is no express promise to pay, but merely the acknowledgment that a certain sum is due. Such acknowledgment imports a promise or covenant to pay. And this promise or covenant will, in general, be implied against the party who signs the acknowledgment, because it will be assumed that the debt is due from and to be paid by him, unless the contrary appears.

A writing in these words, "Due W. S. D. M., ninety-six dollars sixty cents, balance due for wages as clerk of steamer Kentucky, No. 2," signed F. P. C., Captain, does not import a promise on the part of F. P. C. to pay. It is but a certificate of the captain that the owners of the boat are so indebted.— (See 8 *B. Monroe*, 625–6.)

If the note before us had contained only the words "Due W. S. D. Megowan ninety-six dollars and sixty cents, F. P. Carson, Captain," it must have been taken on its face as an acknowledgment by Carson that he owed and was bound to pay the sum stated. And the word 'captain' must have been taken as a description of the person, or as merely superfluous. But as it goes on to state that this sum is the balance due for wages as clerk of the steamer Kentucky, it shows clearly that the debt acknowledged is the debt of the steamer, and the word 'captain' becomes signif-

icant as showing that the acknowledgment is made by an officer of the boat, whom the law regards as master of the boat, and general agent of the owners for its management.

It is true, that although the debt acknowledged or stated appears clearly to be the debt of the boat, the captain or any other individual might bind himself personally for its payment. But here there is no direct undertaking to pay, and the obligation to pay is implied or arises merely from the existence of the debt; and it devolves upon the party who has received the consideration of the debt, and who is therefore primarily the debtor, and is exclusively so unless some other person undertakes to pay his debt. It is to be recollected that we are inquiring not as to facts as they may exist outside of this writing, but as to the import of the writing itself. And we are satisfied that it imports nothing more than an acknowledgment or statement by Carson, as captain of the steamer Kentucky, that the sum mentioned is due to Megowan for balance of wages as clerk of the boat. It imports no obligation upon him, to pay the wages of the clerk, but a mere certificate of the fact that the sum named is due to him as clerk. If the fact be true, the legal consequence and implication is not that the captain, as such, is bound to pay, but that the boat or the owners, whose debt it is, are bound. And there is neither necessity nor reasonable ground for implying an obligation or undertaking on the part of the captain to pay the debt of the boat, merely because he has signed an acknowledgment or certificate that it is due as a debt of the boat. In support of this construction of the writing, and of the implication consequent upon it, we refer to the cases stated in *Hunter's adm'rs.* v. *Miller's ex'ors.*, 8 *B. Monroe*, 625–6. And, indeed, we think it perfectly manifest on the face of the writing, that it was intended to evidence a debt of the boat, or its owners, and not a debt of Carson, unless he was an owner, which is not averred.

How far the writing would impose a direct obligation upon the owners of the boat, or be evidence against them, is not now a matter in question. We believe such certificates, made by the proper officer, are regarded as at least *prima facie* evidence of the indebtedness stated. But, be this as it may, it follows, from the foregoing views, that the writing sued on not being on its face the note or obligation of Carson for the payment of the sum therein stated, is not of itself the foundation of an action against him, and therefore that the demurrer to the petition should have been sustained.

Wherefore the judgment is reversed, and the cause remanded with directions to sustain the demurrer to the petition; and unless it be amended so as to present a cause of action against the defendant, to render judgment in his favor.

*Wilson & Logan*, for plaintiff; *Williams & Graves*, for defendant.