CASE 61.—ACTION BY M. A. BLATZ AGAINST ANDREW KREBS.—September 22, 1909.

## Krebs v. Blatz

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

SAMUEL B. KIRBY, Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1. Banks and Banking—Certificates of Deposit—Nature of Instrument.—A writing issued by a bank, certifying that a certain person had deposited a sum payable to his order within a certain time on the return of the certificate was, in effect, a promissory note.

2. Bills and Notes—Liabilities on Transfer—Liability as Assignor.—One who placed his name on the back of a certificate of deposit, and delivered it to another became liable thereon as assignor; nothing further appearing.

3. Payment—Application—Election.—Defendant wrote his name on the back of certificates of deposit which he delivered to plaintiff, and after the bank failed leaving a part of them un-

Krebs v. Blatz.

paid, and plaintiff was advised that defendant's liability on the certificates was that of assignor, the parties agreed that defendant waived his right to require plaintiff to first sue the bank on the certificates to fix defendant's liability as assignor, and that plaintiff should give defendant time thereon, and, as the certificates matured, defendant paid them and thereafter paid annual interest on certain notes executed at the same time, without claiming that the payments applied to the certificates should have been applied to the notes. Held, that defendant should have denied liability on the certificates as assignor when he knew that plaintiff intended to hold him as such, and had applied the payments to the certificates, and, having acquiesced for 14 years in such application, he could not then claim that the payments were made upon the notes and not upon the certificates.

BENJAMIN F. WASHER for appellant.

### THE CONCLUSION.

The appellant comes to this Court and seeks a reversal on the following showing:

1. The admission is appellee's pleading which should have resulted in the dismissal of the petition rather than a hostile judgment for nearly $15,000.00.

2. Evidence of the most satisfactory and sufficient sort to sustain the plea of payment, as admitted by the appellee.

3. Such payments applied by the lower Court to a non-existing debt and without any pleading asserting such application.

4. The most serious consequences involved in the judgment of the Circuit Court in that it strips a man well past the three score and ten mark of every dollar he has in the world and rewards a man of much fortune for skill in confusing the facts.

A. S. WEHLE & L. B. WEHLE for appellee.

### CLASSIFICATION OF QUESTIONS AND AUTHORITIES FOR APPELLEE.

1. Where certificates of deposit of a bank are assigned by a debtor to his creditor, they are not considered payment of, but only security for the debt, unless there be a special agreement to receive them in payment. Downey v. Hicks, 14 How. (U. S.) 240; Leake v. Brown, 43 Ill. 372; Huse v. McDaniels, 33 Ia. 406; Gallagher v. Ruffing, 118 Wis. 284; Flannery v. Harley, 117 Ga. 483.

Krebs v. Blatz.

2.   Though the certificates of deposit be assigned by the debtor to the creditor as payment of an old debt, yet if the certificates are "Payable to order, six months after date with interest" they are promissory notes.   Miller v. Austen, 13 How (U. S.) 218; Renfro Bros. v. Merchants Bank, 83 Ala. 425; Poorman v. Mills Co., 35 Cal. 118; Beardsley v. Weber, 104 Mich. 88; Gregg v. Union County Nat. Bank, 87 Ind. 238; Lynch v. Goldsmith, 64 Ga. 42; Bank v. Title & Trust Co., 105 F. R. 491; Pardee v. Fish, 60 N. Y. 265; Frank v. Wessels, 64 N. Y. 155; Hanna v. Manufacturing Trust Co., 93 N. Y. S. 304, aff. Ib. 1133; Auten v. Crahan, 81 Ill., App. 502; Hatch v. First National Bank, 94 Me. 348; In re Baldwin's estate, 170 N. Y. 156.

3.   See also an analogous case: Harrow v. Dougan, 6 Dana 341; and the assignor is liable after the maker has been prosecuted to insolvency with due diligence.   Spratt v. McKinney, 1 Bibb. 595; Cravens v. Hopson, 4 Bibb 286; Dougherty v. Maple, 4 Bibb 557; Moredock v. Rawlings, 3 T. B. M. 73; Bedal v. Stitch, 3. T. B. M. 290; Tribble v. Davis, 3 J. J. M. 633.

4.   Parol testimony is not admissible to prove an agreement that a blank assignment should not make the assignor liable to the assignee in case of nonpayment and insolvency, etc., of the maker.   Martin v. Cole, 104 U. S. 30; Daniel Neg. Inst., Sec. 719; and many cases there cited.   Distinguished from Levi v. Mendel, 1 Duv 77, where the endorser was not the payee, but a stranger.

Still less may the mere intention of the assignor be proved by him.

5.   When the debtor has elected to which of two debts payments should be applied, he cannot afterwards change his mind and apply the payments to the other debt, even where the debt to which the payment was first applied could not have been collected by law.   Tomlinson Carriage Co. v. Kinsella, 31 Conn. 268; Caldwell v. Wentworth, 14 N. H. 436; Treadwell v. Moore, 34 Me. 112; Brown v. Burns, 67 Me. 535; Phillips v. Moses, 65 Me. 70; Richardson v. Woodbury, 12 Cush. 279; Hubbell v. Flint, 15 Gray 550; Dorsey v. Wayman, 6 Gill (Md.) 59; Bonner v. Styron, 113 N. C. 30; Florsheim v. Brestup, 43 Minn. 298; Bird v. Benton, 127 Ga. 371; especially when any action on the debt to which the payment was applied is barred by limitation.

And where the debtor is otherwise estopped by his conduct from making another application of the payment.

6.   The payment of the certificates of deposit by the assignor and the taking possession thereof and proving them against the assigned estate of the bank and receiving a dividend thereon, and the subsequent payment of part of the principal, and of the interest of the debt to which the new application is attempted, for

fourteen years without claiming credit for the sums paid on the
certificates is such an election as cannot be revoked.

OPINION OF THE COURT BY JUDGE HOBSON—Affirm-
ing.

In the year 1893 Andrew Krebs and M. A. Blatz
were the only stockholders of the Blatz-Krebs Stone
Company which had a paid up capital stock of $80,-
000.    About the middle of March of this year,
Krebs proposed to Blatz to buy him out.    The
proposition was accepted. The amount coming to Blatz
under the proposition was $51,246.35.    Krebs paid
$1,000 of this by check and delivered to Blatz inter-
est-bearing certificates of deposit, which he held
against the Louisville Deposit Bank amounting to
$19,226.17; also, a note for $1,000 on Thornton and
Johnson.    He wrote his name on the back of the note
and on the back of the certificate of deposit, and de-
livered them to Blatz.    For the remainder of the pur-
chase money he executed to Blatz three notes for
$8,000 each, and one for $5,027.93 which were secured
by mortgage on certain real estate.    Numerous pay-
ments were made upon these notes, but, a considera-
ble sum being unpaid Blatz brought this suit against
Krebs on February 24, 1908, to recover judgment for
the balance of the debt, and to enforce the mortgage.
The circuit court entered a judgment in favor of
Blatz, and Krebs appeals.

The only thing practically in contest on the appeal
grows out of the certificates of deposit in the Louis-
ville Deposit Bank assigned by Krebs to Blatz. Blatz
collected about one-half of the certificates from the
bank, but, before the others matured, the bank failed.
After Blatz got the certificates he presented them to
the bank and demanded payment.    The bank declined

to pay those that were not due unless he would accept the amount without interest, and this he declined to do. When the bank failed, Blatz consulted counsel as to what he should do. He was advised by his attorney that the certificates of deposit were simply promissory notes on which Krebs was liable to him as assignor, and that to hold Krebs as assignor he must bring suit against the bank, and get a judgment and return of no property against it promptly after each certificate fell due. Thereupon a meeting was held between him and Krebs and their respective attorneys. At this meeting Krebs signed a writing waiving the right to require Blatz to sue the bank. While there is some contradiction in the evidence as to what took place at this meeting, the weight of the evidence shows that Blatz then said that he did not wish to press Krebs, and would give him time if necessary, and that Krebs wished time to be given him. As the certificates fell due, Krebs gave Blatz a check for the amount and took them up. These certificates were then filed by him as part of his claim against the Deposit Bank, and the pro rata allowed thereon was paid to his attorneys. When this suit was brought, Krebs insisted that Blatz took the deposit certificates as cash, that the sums which he had thus paid Blatz were paid upon the notes in suit, and he sought credit therefore. The chancellor disallowed this claim, and of this Krebs complains.

The certificates were alike except in amount. One of them read as follows:

"Louisville, Ky., January 28, 1903. This is to certify that Andrew Krebs has deposited in this bank $1,473.32 payable to his order six months after date on the return of the certificate, with interest at the rate of four per cent. per annum, interest then to

cease. (Signed) J. B. Ohligschlager, Cashier.'' Similar papers have often been held.by this court to be in effect promissory notes. Kalfus v. Watts, 16 Ky. 197; Harrow v. Dugan, 36 Ky. 341; Carson v. Lucas, 52 Ky. 213; Kendall v. Lewis, 10 Ky. Law Rep. 362; Carnegie v. Beattyville Trustees, 13 Ky. Law Rep. 431.

When Krebs placed his name on the back of the paper and gave it to Blatz, nothing else appearing, he became liable to Blatz as the assignor; and, when the bank failed, and he knew that Blatz was looking to him as assignor, it was incumbent upon him to choose what course he would follow. If he had then denied liability as assignor, Blatz in a suit then brought might have been able to prove many facts which after the lapse of 14 years he is now unable to show. He then acquiesced in Blatz's claim that he was liable as assignor. He got time. He paid the amounts to Blatz as called for in the certificates, and, after making these payments, he continued to pay annual interest on the notes without claiming that these credits should have been applied on the notes, and thus reduce the annual interest. His conduct was such as to leave Blatz to understand that this money was paid in satisfaction of the deposit certificates, and not upon the notes. One who elects to follow a certain course, and thus pays money which he knows is applied in a certain way, will not be allowed years afterward to withdraw the election he then made, and insist that the payment should have been applied to another debt. If he was not satisfied with the way the payment was applied, he should have complained at the time. To allow him to complain after 14 years, and after time has obscured or destroyed much of the evidence that might then

have been produced, would be to allow him to mislead Blatz to his prejudice, and to ignore the equity rule that he who is silent when he  ought to speak will not be allowed to speak thereafter to the prejudice of him whom he has thus misled.  This conclusion makes it unnecessary for us to pass on other questions discussed.

Judgment affirmed.

Petition for rehearing by appellant overruled.