BLANCHE MAY JACOBY ET AL., APPELLES, V. JOSEPH E. DVORAK ET AL.: FIRST NATIONAL BANK OF HAVE-LOCK, GARNISHEE, APPELLANT.

FILED FEBRUARY 13, 1924.   No. 22643.

1. **Limitation of Actions:** CERTIFICATES OF DEPOSIT. A bank certificate of deposit payable 12 months after date upon return of the certificate properly indorsed matures at the expiration of the 12 months, and the cause of action thereon then accrues so as to start the statute of limitations.

2. **Garnishment:** CERTIFICATES OF DEPOSIT. Where a bank certificate of deposit is negotiable, the debt thereby represented is not ordinarily subject to garnishment; an exception is where the certificate remains in the hands of the payee.

3. **Dismissal and Nonsuit:** DISMISSAL AFTER JUDGMENT. Where, by mistake of the clerk, a case in which a final judgment has been rendered was placed upon the trial docket, an order dismissing "the case" for want of prosecution is irregularly entered, is a nullity, and may be set aside at any time on motion.

4. ———: ———. Such an order cannot in any way affect pending proceedings in aid of execution for the collection of the judgment.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Affirmed as modified.*

*G. H. Risser,* for appellant.

*McCarty & Hager* and *C. J. Campbell, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD and ROSE, JJ., REDICK, District Judge.

REDICK, District Judge.

This is a proceeding in aid of execution. March 1, 1919, plaintiffs secured a judgment against Joseph E. Dvorak and the Illinois Surety Company, defendants, for the sum of $5,000, upon which execution was issued and returned unsatisfied; whereupon March 18, 1919, plaintiffs made application for an order of the court for the examination of garnishee, First National Bank at Havelock, as to moneys of the defendant claimed to be owing from said bank to the judgment debtor. The bank appeared by its cashier, who was examined and stated that they were indebted to some one on two certificates of deposit dated May 3, 1915, payable 12 months after date, "on return of these certificates properly indorsed," one for $500, and one for $250; that said certificates were payable to the Illinois Surety Company, defendant, and purchased with money furnished by defendant Dvorak; that Dvorak and his brother were at that time engaged in the saloon business, and the surety company had become surety upon their bond according to the requirements of the statute, and that the surety company held the certificates of deposit in question as security to indemnify them from any loss by reason of having executed said bond. It was further shown that said certificates had never been paid and had never been presented for payment, and that the bank has no knowledge as to where they are or as to who holds them. Upon this showing and upon the 2d day of May, 1919, the court made an order that the bank hold and retain the money represented by said certificates and not pay the same to any person until the further order of the court. On May 2, 1921, plaintiffs filed a motion to require the bank to pay said money with interest into court, and on May 6, 1921, a motion, supported by affidavit, to require the bank to appear and answer as to its indebtedness to the defendants, and obtained the order for the bank to appear, which it did, disclosing the same state of facts hereinbefore set forth as upon its former examination. After taking the matter under advisement, the court on December 30, 1921, entered an order and judgment against the

Jacoby v. Dvorak.

bank for the sum of $750, and ordered execution therefor, and that the same when paid should be credited upon plaintiff's judgment. The bank filed a motion for a new trial, which was overruled, and now brings the proceedings to this court for review on appeal.

The sole question for determination is whether or not, the disclosures of the bank upon the examination showed an indebtedness from the bank to the Illinois Surety Company. It is the claim of the bank that the certificates of deposit were negotiable instruments, and the amount represented thereby was not subject to garnishment or supplemental proceedings, on the same principle that the maker of a negotiable note may not be garnisheed because he might thereby be subjected to a double payment. On the other hand, the plaintiffs claim that, it not appearing that the certificates have ever been sold or transferred, and that the surety company, holding them merely as collateral, had no right to transfer them but only to collect them, there is a presumption that it still holds them; and, further, inasmuch as the certificates matured May 3, 1916, at the time of making the order in question, the bank had a perfect defense of the statute of limitations as against any action thereafter brought, and was therefore in no danger of a double liability.

The certificates in question were negotiable instruments, and the general rule is well settled that the indebtedness of the maker of such an instrument is not subject to garnishment, as the obligation is to the holder of the instrument, who may be either the payee or a transferee in ordinary course. *Fisher v. O'Hanlon,* 93 Neb. 529. It was held, however, in *Campbell v. Nesbitt,* 7 Neb. 300, that, where the instrument was past due and remained in the hands of the payee, it was subject to attachment. A material question necessary to be considered is when, if at all, the certificates in question matured so as to start the statute of limitations. There is considerable difference of opinion in the decisions as to whether a certificate substantially in the language of those under consideration matures so as to start the statute

until a demand of payment has been made. Negative of this proposition has been held in Pennsylvania, *Gardner's Estate,* 228 Pa. St. 282; *Brown v. McElroy,* 52 Ind. 404. And it is quite generally held that the statute will not begin to run until after demand in those cases where the certificate does not fix any definite time of payment; for example, when the certificate is substantially in this form: "Catherine Tobin has deposited in this bank $500, payable to the order of herself in current funds on return of this certificate properly indorsed. With interest at 6 per cent. per annum if left six months." *Tobin v. McKinney,* 14 S. Dak. 52; *National Bank v. Washington County Nat. Bank,* 5 Hun (N. Y.) 605; *Cornwall v. McKinney,* 12 S. Dak. 118; *Matter of Cook,* 86 App. Div. (N. Y.) 586. Also, where the certificate is payable upon its return properly indorsed, no time being stated, it is held to be the same as a general deposit, against which the statute will not run until demand. *Elliott v. Capital City State Bank,* 128 Ia. 275. See, also, *Sharp v. Citizens Bank,* 70 Neb. 758. But in *Thompson v. Farmers State Bank,* 159 Ia. 662, it was held that a certificate payable "six months after date" matured at that time and the statute then began to run. It was held, however, in *First Nat. Bank v. Security Nat. Bank.* 34 Neb. 71, that a certificate of deposit payable three months after date, matured at that time, and, not being paid, was dishonored so as to charge a subsequent purchaser with notice of all defenses which the maker might have; and in *Kirkwood v. First Nat. Bank,* 40 Neb. 484, the holding was to the same effect, and it was held that under the language of the certificate, "with interest at 6 per cent. *if left six months,"* so far as ascertaining rights of purchasers was concerned, the instrument should be treated as one payable on or before six months after date, or, if not, that six months after date should be treated as the reasonable time within which it should be presented, and a purchaser taking it within that period should be considered as a purchaser before maturity. Without pursuing the discussion further, we think it results from these decisions that the law of this state must be declared to be

that where a certificate of deposit is payable at a certain date say three, six, or twelve months, it matures at the expiration of the time stated and the cause of action accrues at maturity. It follows that the statute of limitations commences when the cause of action accrues. As was said in *First Nat. Bank v. Security Nat. Bank, supra.* (p. 78): "The holder could not have lawfully demanded payment before the expiration of the three months, and had suit been instituted before such time had elapsed, it would have been prematurely brought. The words 'on the return of this certificate properly indorsed,' when read in connection with the other stipulations, do not control the time of payment, nor was it indispensable to a recovery that the certificates should have been previously presented to the maker duly indorsed."

It appears, then, that at the date of the order in question on appellant the statute of limitations would be a perfect defense to any action brought by the payee subsequent to the 3d day of May, 1921, five years after the maturity of the certificate. It is suggested that the plea of the statute is personal to the debtor, and that he cannot be compelled to plead it. On the other hand, it seems equally evident that the debtor cannot aid the creditor in defeating *his* creditors who have secured a lien upon the debt before the same was barred by the statute by such a plea. Such a holding would permit the garnishee to defeat the plaintiff, and, later on, by a plea of the statute defeat the claim of the debtor (its creditor), and thus retain the fund to which it has no legal claim.

By the transaction the Illinois Trust Company was made a pledgee of the certificates, holding same as collateral security as against its liability upon the saloon-keepers' bond, and its only authority over the certificates was to collect the same. It had no authority to negotiate them (Jones, Pledges (3d ed.) sec. 651), which would be a wrongful act, and therefore, in the absence of any evidence on the subject, a presumption arises that the pledgee still holds them, and that all danger of a double liability on the part of the bank,

under the conditions shown, has passed. At least, it will not be presumed that the pledgee committed a wrongful act for the purpose of aiding the garnishee to retain the fund as against the claim of plaintiff.

One further contention of the garnishee requires consideration, viz., that the present proceedings were not commenced within five years from the maturity of the certificate and are therefore barred by the statute. By reference to the statement of facts herein, it will be noted that the first step in these proceedings was taken March 18, 1919, which finally resulted in an order May 2, 1919, that the garnishee hold the fund until further order; that May 2, 1921, a motion was made requiring the garnishee to pay the money into court. These proceedings were all within five years from the maturity of the certificate. On May 6, 1921, a second motion and affidavit were filed for examination of the garnishee, and on December 30, 1921, the judgment complained of was entered, in which it was recited that the matter came on for hearing on the motion of May 2, 1921, and the motion of May 6, 1921. It thus appears that the second motion was treated as a continuation of the first, and that the judgment was a final disposition of the proceedings initiated March 18, 1919, and well within the period of limitations. However, the following orders appear of record;

"Blanche May Jacoby *et al* v. Joseph E. Dvorak *et al.*

"It is by the court ordered that cause be shown within twenty days from this date why this case should not be dismissed for want of prosecution."

This order was made February 28, 1921. Under the same title the following:

"It is by the court ordered that this cause be and hereby is dismissed for want of prosecution, at the costs of plaintiffs, Blanche May Jacoby, Everett Franklin Jacoby, and Violet Lamont Jacoby, by their next friend, Iretus W. Jacoby, taxed at $————, for which execution is hereby awarded."

This order was made March 25, 1921. It is contended by the garnishee that by these orders the proceedings in aid of execution were finally dismissed; that no action was

Jacoby v. Dvorak.

taken on the motion of May 2, 1921, because of such dismissal, and that the only pending proceedings are those commenced May 6, 1921, three days after action was barred on the certificates. If this be true, garnishee would have a perfect defense as against the judgment debtor, and, as the plaintiffs could have no greater rights, the garnishee should have been discharged.

We feel bound to differ from these contentions. The orders do not purport to dismiss the supplemental proceedings—no mention thereof is made; the reference is to "this case" and "this cause." There was nothing appearing on the docket to show the existence of these proceedings, nor, in fact, that a judgment had beer. rendered in the case two years before. No notice of either of these orders was given plaintiffs. It is perfectly evident from the record itself that the order was inadvertently made and was a nullity, and should have been set aside even after the term on either of two grounds: That it had been irregularly entered and without notice; or for mistake of the clerk in entering upon the trial docket a case already in judgment. Comp. St. 1922, sec. 9160, subd. 3. An order dismissing a case in which a final judgment had been entered two years before is certainly irregular (see *Estate of McKenna v. McCormick,* 60 Neb. 595, for definition), and a case in judgment has no place on the trial docket. The court refused to set aside the order of dismissal on account of the lapse of the term, which was clearly erroneous, but as the order was a nullity on the face of the record this fact is immaterial. Furthermore, the judgment herein was based in part upon the motion of May 2, 1921, which was filed within the five-year limitation. We conclude that, in the absence of any evidence that the certificates had been transferred, the garnishee was indebted to the judgment defendants on May 2, 1921; that this proceeding was commenced in time; that the bar of the statute is complete against any action that may hereafter be brought by any one *sui juris*—the possibility of the certificate being presented for payment by one who had been under disability until within five years of the

bringing of an action thereon is so remote under the circumstances that it need not be considered—and that the order to pay the money into court was proper. Execution, however, should not be awarded unless the money is not paid within ten days after the mandate of this court is issued, and, as thus modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.

ROSE and GOOD, JJ., dissent.

---

The following opinion on motion for rehearing was filed July 7, 1924. *Former judgment modified.*

Former Judgment Modified. Former opinion adhered to, but plaintiffs required, upon receipt of the money from the clerk, to execute a bond to the clerk for the benefit of the garnishee, said bond to be in an amount equal to the sum received, conditioned to indemnify the garnishee against loss should it be required to pay the amount of the certificate to an innocent holder thereof.

Heard before LETTON, ROSE, DEAN, DAY and GOOD, JJ., BLACKLEDGE and REDICK, District Judges.

DAY, J.

This case was before the court upon a former occasion, the opinion being reported, *ante,* p. 683. A motion for rehearing was filed on behalf of the garnishee, and the cause reargued. The material facts are set forth in our former opinion, and need not be restated. Upon a reconsideration of the case a majority of the court are satisfied with the principles of law announced, and with the general disposition of the case. The action is equitable in its nature, and the question presented involves equitable principles. The payee in the certificate of deposit, is also one of the judgment debtors. The payee in the certificate, as pointed out in the former opinion, holds the certificate as a pledge, the pledgor being a codefendant and one of the judgment debtors. Under the peculiar circumstances presented by the record, the presumption is that the pledgee has not transferred the certificates. We have concluded, however, that the order of the

district court should be modified so as to require the plaintiffs, upon receipt of the money from the clerk of the court, to execute a bond in an amount equal to the sum paid into court by the garnishee. The bond should run to the garnishee, and be approved and filed with the clerk, and indemnify the garnishee against loss in the event that it is required to pay the amount of the certificate to an innocent holder thereof.

As thus modified, the judgment of the district court is affirmed.

AFFIRMED AS MODIFIED.

ROSE, J., dissenting.

In my opinion the garnishee should be discharged.