# Wells et al. v. Citizens Bank of Albany

(Decided March 12, 1936.)

TANNER OTTLEY for appellants.

J. G. SMITH for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

On January 31, 1932, the Citizens Bank of Albany issued to S. M. Wells a certificate of deposit reading:

"S. M. Wells has deposited in this Bank Twenty Six Hundred Seventy One Dollars Seventy Eight Cents, payable to the order of himself in current funds 12 months after date on the return of this certificate properly indorsed with interest at the rate of 4 per cent. per annum for the time specified. If this certificate is not returned for payment at maturity, this Bank may require thirty days notice of the time when payment will be required.

"T. H. Dyer, Assist. Cashier.

"No. 2797, Not Subject to Check."

On May 7, 1935, the bank issued to S. M. Wells another certificate of deposit identical except as to the amount. In the meantime, Mr. Wells, having died, the bank paid to his personal representative $3,927.03 covering the principal sum of the two certificates with interest on the respective certificates for one year, but denied further liability thereon.

Thereafter in March 1935, the administrator of Mr. Wells' estate instituted this action seeking to recover the sums specified in the certificates with in-

terest thereon at the rate of 4 per cent. per annum from date, subject to the credits above indicated.

By answer, defendant admitted that S. M. Wells loaned it the amounts designated in the certificates, bearing interest from date, but alleged that they only bore interest for one year as therein specified. It further alleged that the sum paid the administrator fully discharged the bank's liability as to both principal and interest; that by their terms, the certificates became due one year after date and provided for interest at the rate indicated for a period of twelve months only, and at the end of twelve months from the issuance of such time certificates, the interest was to cease; that at no time were the certificates presented for payment of either principal or interest as provided by their terms until May, 1934, when payment above indicated was made to the administrator; that at all times since maturity of the certificates the bank had been able, ready, and willing to pay same with interest for the time specified, and such ability and willingness on its part was pleaded as a tender of payment and had the effect of stopping the running of interest from and after the maturity of the certificates.

The court overruled a demurrer to the answer, but sustained defendant's demurrer to the petition, and plaintiffs declining to further plead, the petition was dismissed, and it was adjudged that defendant recover the costs and plaintiffs are prosecuting this appeal.

From the foregoing, it will be seen that the only question to be determined is whether interest at the rate specified in the certificates continued after the expiration of twelve months from date. Counsel for appellee contends, here, as he did in the lower court, that the certificates were in effect negotiable promissory notes and cites in support of such contention Krebs v. Blatz, 134 Ky. 505, 121 S. W. 436, 437, and Kentucky Statutes, sec. 3720b-184. In the Krebs Case it is said that a deposit certificate similar to the one under consideration there had often been held by this court to be in effect a promissory note. Whether it was a negotiable note would necessarily, under our statute, depend upon its terms. As we view the matter, it is immaterial whether the certificates in controversy were in effect

negotiable promissory notes, although counsel contends if they were, then the bank's willingness to pay them at all times after maturity amounted to tender, and therefore the failure to present them at the expiration of the twelve-month period had the effect of stopping the running of interest, but in the light of the terms of the certificates we cannot concur in this conclusion. In Krebs v. Blatz, supra, the certificate of deposit was payable "six months after date on the return of the certificate, with interest at the rate of four per cent. per annum, interest then to cease." If the certificates issued to Mr. Wells had contained such provisions, we would necessarily be compelled to hold that interest ceased at the end of the twelve-month period specified in them; but no such provision is contained nor anything of similar import or significance, but, on the contrary, they provide that if not returned for payment at maturity, the bank might require thirty days' notice of time when payment would be required. Clearly it was contemplated and understood by the parties that the sums mentioned in the certificates would continue as time deposits unless and until payment was demanded or the bank called them in. If they were not so treated, why the necessity of providing for thirty days' notice of the time when payment might be required?

It is our conclusion and we are constrained to hold that under the terms of the deposit certificates and in the circumstances shown, appellants were entitled to interest at the rate of 4 per cent. per annum from the date of the certificates and the court erred in sustaining the demurrer to the petition and in not sustaining the demurrer to the answer.

Judgment reversed for proceedings consistent with this opinion.