## Gould v. Bank of Independence.

### (Decided May 26, 1936.)

**512**

HANLON & KENKEL for appellant.

JOHN H. KLETTE and JOHN L. VEST for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

On September 12, 1909, Anna Beers, a resident of Covington, Kenton county, Ky., deposited the sum of $2,100 in the bank of Independence of Kenton county, and, as evidence of the deposit, the bank issued to her a certificate in the following form:

"Seal Certificate of Deposit
"Not Subject to Check.

"Copy              Bank of Independence No. 56.

"Independence, Ky., Sept. 12, 1909.

"Anna M. Beers......Has deposited in this bank Twenty one Hundred Dollars......$2,100.00. Payable to the order of Herself in current funds on the return of this Certificate properly indorsed 6 months after date with interest at 4 per cent. per annum. No interest after 6 months.

"Alvin Perry, Cashier."

It appears that the deposit was made for Mrs. Beers by C. E. Quick, vice president of the bank, who was acting or purporting to act as the agent of Mrs. Beers. At the end of the six-month period, March 12, 1910, C. E. Quick entered an indorsement across the back of the certificate as follows: "Anna Beers by C. E. Quick," and issued to her a new certificate similar to the one above, for the same amount.

In April, 1923, Anna Beers was adjudged insane and sent to Lakeland, Ky., where she remained until her death which occurred in March, 1934. Soon thereafter appellant was appointed and duly qualified as administratrix of the estate of Mrs. Beers, and demanded of the appellee payment of the sum of money represented by the above certificate and upon refusal of the bank to pay same, on May 16, 1934, appellant filed this suit in the Kenton circuit court to recover of the bank for the estate of her decedent the sum of money represented by the original certificate date of September 12, 1909.

Appellee filed its answer denying certain allegations of the petition, and in paragraph 2 it further pleaded that the deposit made by Mrs. Beers in September, 1909, as represented by certificate No. 56, was made by C. E. Quick, the brother-in-law of the decedent, who had managed and looked after her business transactions and acted as her agent in such matters, and when the certificate of deposit was due March 12, 1910, C. E. Quick, as agent of decedent, surrendered said certificate to the bank and same was settled in full with the decedent. Later by amended answer it further pleaded settlement in full and set out the series of transactions had from the time the original deposit was made to November 2, 1919, at which time, it alleged, there remained in its hands $400 of the principal sum originally deposited and on that date the decedent drew that sum from the bank and settled with it in full. It further pleaded the fifteen-year statute of limitations (Ky. Stats., sec. 2514), alleging that certificate No. 56 sued on by appellant matured March 12, 1910, and that more than fifteen years had elapsed between the date of maturity of the certificate and the filing of this action.

The court sustained a demurrer to the plea of limitations, but overruled it as to the plea of settlement. A trial was had before a jury and resulted in a verdict for plaintiff for the sum of $1,300.

Appellee filed its motion and grounds for a new trial insisting, among other things, that the court erred in sustaining the demurrer to its plea of the statute of limitations. Upon consideration of the motion and grounds for a new trial, the court sustained same and granted defendant a new trial and dismissed plaintiff's petition. Hence this appeal.

It appears that the court rendered a memorandum opinion setting out its reasons for granting a new trial and dismissing the petition, but that opinion does not appear in the record, except counsel quote in their respective briefs certain parts of the opinion, and it is conceded that the court granted the new trial and dismissed the petition upon the ground that plaintiff's claim had been barred by the statute of limitations.

Counsel cites no Kentucky case, and we know of

none, passing upon the question as to when the statute of limitations begins to run against a time loan deposit certificate in form or substance of the one involved in this case. However, it has been held by this court and courts of other jurisdictions that the statute of limitations does not begin to run against a general deposit until demand for payment has been made (Corbin Banking Co. v. Bryant, 151 Ky. 194, 151 S. W. 393; Clark's Adm'r v. Farmers' National Bank, 124 Ky. 563, 99 S. W. 674, 30 Ky. Law Rep. 738), but, as pointed out by many authorities, there is a fundamental distinction between a general deposit certificate payable on demand, and one which constitutes a promise to pay a specified sum at a fixed future date, and in respect of the statute of limitations, the same rule is applied to such certificates as is applied to promissory notes. A note payable on demand is treated as a due note, and it is the settled rule that the statute of limitations begins to run at the date of the note. Hodges' Adm'r v. Asher, 224 Ky. 431, 6 S. W. (2d) 451. But a note in which the date of maturity is fixed at a specified future time is not due until the date of maturity and the statute of limitations does not begin to run until after that date.

It has been held by this court that certificate of deposit like the one here under consideration is, for all purposes and intent, a promissory note. In Krebs v. Blatz, 134 Ky. 505, 121 S. W. 436, 437, the certificate there involved reads as follows:

"Louisville, Ky., Jan. 28, 1903. This is to certify that Andrew Krebs has deposited in this bank $1,473.32 payable to his order six months after date on the return of the certificate, with interest at the rate of four per cent. per annum, interest then to cease. (Signed) J. B. Ohligschlager, Cashier."

The certificate was held to be in effect a promissory note. See, also, to the same effect, Dietrich v. Rothenberger, 75 S. W. 271, 25 Ky. Law Rep. 338.

Under the authorities above cited, we conclude that the certificate here in question was in effect a promissory note, which by its terms was due and payable March 12, 1910. This leaves for determination

the questions (a) the necessity of demand of payment after maturity to enable the holder of the certificate to sue thereon; and (b) when the statute of limitations started to run.

In the case of Rodriguez v. First State Bank & Trust Co. (Tex. Civ. App.) 213 S. W. 357, there was involved a certificate of time loan deposit similar to the one here under consideration. The court held that the certificate was in effect a promissory note and the depositor's cause of action accrued on the date the money was payable and no demand of payment was necessary and suit could have been instituted on it after that time without demand or notice, and the statute of limitations began to run from the date of maturity. Again in the case of Jacoby et al. v. Dvorak et al., 111 Neb. 683, 197 N. W. 428, 429, 199 N. W. 726, in discussing a similar question, after reviewing and citing many authorities, the court said:

"Without pursuing the discussion further, we think it results from these decisions that the law of this state must be declared to be that, where a certificate of deposit is payable at a certain date, say three, six, or twelve months, it matures at the expiration of the time stated and the cause of action accrues at maturity. It follows that the statute of limitations commences to run when the cause of action accrues."

See, also, to the same effect, Christian Thompson v. Farmers' State Bank of Charter Oak, 159 Iowa, 662, 140 N. W. 877, 44 L. R. A. (N. S.) 550.

It is fundamental that when the date of maturity is definitely fixed in a note and the payor fails to discharge his obligation, the payee's right of action then accrues and it is not incumbent upon him, payee, to make any further demand before instituting his action thereon.

Under the authorities herein cited, and many others which could be cited, we are constrained to the conclusion that decedent's cause of action accrued to her on March 12, 1910, and the statute of limitations then began to run, which was more than fifteen years before the institution of this action by the administratrix of

her estate. It is disclosed by the record, however, that the decedent was adjudged insane in 1923, less than fifteen years after the accrual of her cause of action; but, the statute having begun to run, it continued, notwithstanding her subsequent disability. 'Crozier v. Gano, 1 Bibb. 257; Haddix's Heirs v. Davidson, 3 T. B. Mon. 39; Clark's Ex'r v. Trail's Adm'rs, 1 Metc. 35; Duvall v. Parepoint, 168 Ky. 11, 181 S. W. 653. In Biggs v. Dawson's Adm'r, 6 Ky. Op. 415, it was held that where the statute of limitations was pleaded and the petition showed upon its face the lapse of time, no other proof was needed.

It may be conceded that all the authorities are not in accord on this question. Some of them hold that demand of payment after maturity of deposit certificates like or similar to the one here under consideration is necessary before any cause of action accrues thereon or the statute of limitations starts to run. However, the great weight of authority tends to support our conclusion reached herein; and, this is particularly true in view of the Kentucky cases, supra, holding that such certificates are treated as promissory notes. Viewing the question in that light and applying those principles, no other conclusion could be logically reached.

It follows from what has been said that the trial court did not err in granting appellee a new trial and sustaining its plea of limitations.

These conclusions make it unnecessary to pass upon other questions raised.

The judgment is affirmed.