### SHEPHERD v. HILL et al.

Court of Appeals of Kentucky.

Nov. 30, 1951.

Combs & Combs, Prestonsburg, for appellant.

V. R. Bentley, Pikeville, for appellees.

WADDILL, Commissioner.

The basis of this suit is a $5,000 promissory note executed by Dr. W. J. Hill to R. L. Shepherd. The court found that the note was executed for a fraudulent purpose and without consideration and dismissed the petition seeking a recovery upon it.

In 1931 Dr. Hill was an accommodation endorser on several notes held by the First National Bank of Stone, Kentucky. During that year the bank went into receivership. In an effort to avoid his lia- bility on these notes, Dr. Hill executed his note dated January 8, 1934, for $5,000 to his brother-in-law, R. L. Shepherd. A suit was filed by Shepherd in 1936 to en- force its collection, but no action was taken to reduce to judgment, and in 1941 the suit was ordered dismissed for lack of prosecution.

Shepherd was committed to a mental in- stitution in 1938 and Dr. Hill died in 1947. The present action was filed March 12, 1948, by the divorced wife of Shepherd, who had qualified as his committee, against the heirs-at-law of Dr. Hill. The suit was defended upon the grounds sustained by the court.

■ It is a well settled proposition of law that, as between the original parties, the consideration of a promissory note may be impeached and an absence or fail- ure of consideration will bar a recovery. KRS 356.028; First State Bank of Norton- ville v. Morton et al., 146 Ky. 287, 142 S. W. 694.

■ Inasmuch as Shepherd had not ne- gotiated the note, the parties to this ac- tion stand in the same position as the orig- inal parties to the note, thus making avail- able the plea that no consideration had been given for the note.

■ The court tried the case without the intervention of a jury and filed a written opinion from which the following excerpt is taken: "Judge Hill seems to agree in his testimony that there was no consideration for the note and that Dr. Hill did not owe R. L. Shepherd the amount of this note or other sum. If Dr. Hill had owed R. L. Shepherd the said sum sued for or any substantial part thereof, judg- ment would have been taken. The note was due January 8, 1935, and Dr. Hill did not die until the first part of the year, 1947, almost twelve years after the note allegedly became due and payable. Peo- ple just don't forget about having a debt of $5,000 and the conduct of the parties shows that the note was without considera- tion and fraudulently executed as between the maker and the holder of the note." The witness, "Judge Hill" referred to in the opinion, was a member of the law firm

that filed the suit for Shepherd in 1936 upon the note.

We have considered the entire record in this case and are of the opinion that the court correctly decided the controversy.

Judgment affirmed.