**J. S. DINSMORE et al., Appellants,**

v.

**Grover C. WARFIELD, Appellee.**

Court of Appeals of Kentucky.

Nov. 9, 1956.

J. B. Campbell, Barbourville, for appellants.

H. M. Tye, Barbourville, for appellee.

## PER CURIAM.

This is a motion for an appeal from a judgment awarding appellee, Grover C. Warfield, judgment for $240.34, with accrued interest from March 13, 1939, and ordering certain real estate given as security for the payment of the note sold to satisfy the indebtedness.

Appellant, J. S. Dinsmore, relied upon KRS 413.090(2), the 15-year statute of limitations, as a bar to recovery on the note. The other appellants did not sign the note but executed a mortgage on their property as security for its payment. They allege they signed the mortgage as sureties only and claim they are therefore discharged from all liability because suit was not brought within the time prescribed by KRS 413.220(3), the 7-year statute of limitations.

The note is dated March 13, 1939, and it matured March 12, 1940. Since the action was instituted June 16, 1954, it was begun within the 15-year period, because no action accrued on the note until the date of maturity. See Gould v. Bank of Independence, 264 Ky. 511, 94 S.W.2d 991. The appellants who did not sign the note but only mortgaged their property to secure the debt were not sureties within the meaning of the 7-year statute, since the 15-year statute of limitations applies to an action to enforce the lien under discussion. See Johnson v. Nelson, etc., 15 Ky. Law Rep. 495, and Craddock v. Lee, etc., 61 S.W. 22, 22 Ky.Law Rep. 1651.

Wherefore, the motion for an appeal is overruled and the judgment is affirmed.