OPINION OF THE COURT BY JUSTICE VANMETER
Under Kentucky law, an action seeking enforcement of a promissory note that is payable on a certain date in the future is generally not justiciable nor ripe for determination. In this case, the issue we must resolve is whether the Kenton Circuit Court erred in setting aside a default judgment previously granted to Bingham Greenebaum Doll, LLP and J. Richard Kiefer (collectively "Bingham") against Meredith Lawrence on its counterclaim to enforce a promissory note made by Lawrence in partial payment of attorney's fees owed by Lawrence to Bingham. Because Bingham's counterclaim was a compulsory counterclaim to Lawrence's action against Bingham for professional negligence and because Lawrence's complaint necessarily called into question the validity of the promissory note, Bingham's counterclaim seeking enforcement of the promissory note was justiciable notwithstanding that it was filed approximately 3½ months prior to the promissory note's due date. We therefore hold that the trial court erred in setting aside the default judgment and that the Court of Appeals similarly erred in affirming that Order. Thus, this matter is remanded to the Kenton Circuit Court with directions to reinstate the default judgment in favor of Bingham.
I. Background.
In 2008, Lawrence retained Bingham to defend him against federal tax evasion charges. As Lawrence's 2012 trial date approached, he fell behind in his payments for legal fees owed, causing the parties to renegotiate their fee agreement. To secure the unpaid fee, in June 2012, Lawrence executed a promissory note evidencing his obligation to pay an amount not exceeding $650,000, with the note bearing a maturity date of December 31, 2013.
In July 2012, Lawrence was convicted and sentenced in federal court.[1] Thereafter, Lawrence decided he was dissatisfied with his counsel's representation and in August 2013 brought this action for professional negligence against Kiefer; Bingham; Robert Carran; and Taliaferro, Carran & Keys, PLLC.[2] In response, Bingham filed an answer, denying negligence, and a counterclaim, alleging Lawrence's indebtedness pursuant to the terms of the note. When Lawrence did not answer or otherwise respond to the counterclaim, Bingham moved for default judgment.
In September 2014, after the note's date of maturity had passed, the trial court entered an order resolving all outstanding motions and dismissing Lawrence's lawsuit without prejudice. The court granted default judgment to Bingham on its counterclaim and awarded judgment against Lawrence *129 in the amount of $472,504.86, with interest and costs. The court also granted the motions of Carran and the Taliaferro firm for summary judgment and dismissed Lawrence's professional negligence claim as premature, since he had yet to obtain post-conviction relief from his criminal conviction as required under the so-called exoneration rule. See, e.g., Stephens v. Denison, 150 S.W.3d 80, 83-84 (Ky. App. 2004) (holding that criminal defendant may not maintain a cause of action against counsel for legal malpractice absent exoneration from his conviction and sentence through postconviction relief).[3]
Thereafter, Lawrence filed a plethora of post-judgment motions, including a motion for CR 60.02 relief to have the default judgment set aside as void on the basis that the note had not yet matured when Bingham filed its counterclaim. In January 2016, the Kenton Circuit Court (under a new presiding judge) granted Lawrence's CR 60.02 motion, finding that since the note had not yet matured when Bingham filed its counterclaim, no justiciable claim existed. Without a justiciable claim, the trial court held that it never had subject matter jurisdiction to rule on the counterclaim, thus rendering the default judgment void.
On appeal, the Court of Appeals affirmed, concluding that while the trial court had general jurisdiction over claims such as those set forth in Bingham's counterclaim, the particular counterclaim at issue was not ripe when filed, and therefore not justiciable, because Lawrence still had "time on the clock" in which to pay the note. Without a justiciable claim, the Court of Appeals held that the trial court lacked subject matter jurisdiction, thereby rendering the default judgment void. This Court granted discretionary review, and we hereby reverse and remand.
II. Standard of Review.
While the Court of Appeals correctly noted that the standard of review for a CR 60.02 motion is generally abuse of discretion, since the only determination made by the Court of Appeals was regarding the existence of subject matter jurisdiction, a question of law, we review the entire proceeding de novo. See S. Fin. Life Ins. Co. v. Combs, 413 S.W.3d 921, 926 (Ky. 2013) ; see also Grange Mut. Ins. Co. v. Trude, 151 S.W.3d 803, 810 (Ky. 2004) (whether the court has acted outside its jurisdiction is a question of law, and the standard of review on appeal is therefore de novo).
III. Analysis.
Ripeness under federal law is a jurisdictional requirement under Article III of the United States Constitution. Nat'l Park Hosp. Ass'n v. Dep't of Interior, 538 U.S. 803, 807-08, 123 S.Ct. 2026, 2030, 155 L.Ed.2d 1017 (2003). This requirement similarly appears under the Kentucky Constitution in that circuit courts have "original jurisdiction of all justiciable causes not vested in some other court." KY. CONST. § 112 (5) (emphasis added). For a claim to be justiciable, it must be ripe. Nordike v. Nordike, 231 S.W.3d 733, 739 (Ky. 2007). As this Court has recognized, "[t]he basic rationale of the ripeness requirement is 'to prevent the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements[.]' " Barber v. Bradley, 505 S.W.3d 749, 760 n.5 (Ky. 2016)
*130 (quoting W.B. v. Cab. for Health & Family Servs., 388 S.W.3d 108, 114 (Ky. 2012) ). "[A] fundamental tenet of Kentucky jurisprudence [is] that courts cannot decide matters that have not yet ripened into concrete disputes. Courts are not permitted to render advisory opinions." Nordike, 231 S.W.3d at 739 (citations omitted).
In Daugherty v. Telek, 366 S.W.3d 463 (Ky. 2012), we discussed, at length, when subject matter jurisdiction is conferred on our courts:
Subject matter jurisdiction of each Court within the Court of Justice is established by the constitutional provisions and statutes assigning to the courts specific types of claims and causes of action ("kinds of cases"). See Hisle v. Lexington-Fayette Urban County Gov't, 258 S.W.3d 422, 429-30 (Ky. App. 2008).
We have often noted, most recently in Harrison v. Leach, 323 S.W.3d 702, 705-06 (Ky. 2010) (quoting Duncan v. O'Nan, 451 S.W.2d 626, 631 (Ky. 1970) ), that "subject matter jurisdiction does not mean 'this case' but 'this kind of case. ' " We also quoted Duncan in Gordon v. NKC Hospitals, Inc., 887 S.W.2d 360 (Ky. 1994), in which we explained that a court is deprived of subject matter jurisdiction only where that court has not been given, by constitutional provision or statute, the power to do anything at all. To determine subject matter jurisdiction, the pleadings should be examined and taken at face value. The court has subject matter jurisdiction when the "kind of case" identified in the pleadings is one which the court has been empowered, by statute or constitutional provision, to adjudicate. Id. at 362.
Once filed, a court has subject matter jurisdiction of the case so long as the pleadings reveal that it is the kind of case assigned to that court by a statute or constitutional provision. A court, once vested with subject matter jurisdiction over a case, does not suddenly lose subject matter jurisdiction by misconstruing or erroneously overlooking a statute or rule governing the litigation.
Id. at 466-67 (internal footnote omitted).
As previously noted, an action seeking enforcement of a promissory note that is payable on a certain date in the future is generally not justiciable nor ripe for determination. See Huffman v. Martin, 226 Ky. 137, 140-41, 10 S.W.2d 636, 638 (1928) (holding that payees of promissory note had no cause of action against makers prior to due date of note, notwithstanding makers' actions and statements of intention not to make further payments on the note); see also Gould v. Bank of Independence, 264 Ky. 511, 515, 94 S.W.2d 991, 993 (1936) (holding that "when the date of maturity is definitely fixed in a note and the payor fails to discharge his obligation, the payee's right of action then accrues").
Notwithstanding that a payee 's action to enforce a promissory note only accrues at the note's due date, we know of no rule of law that a maker of note may not bring an action questioning the validity or enforceability of that instrument at any time.[4] In fact, this Court's precedent suggests that a maker may bring an action for cancellation of a note either before or after its due date. Head v. Oglesby, 175 Ky. 613, 619-20, 194 S.W. 793, 795-96 (1917). By filing an action for professional negligence and making his general demand for damages, *131 Lawrence, upon prevailing on the merits, would have been entitled to "all damages and costs sustained" and a "refund [of] the fee." KRS[5] 411.165. At the time of filing, August 2013, Lawrence had paid a portion of the fees, and "[f]or value received" had executed a promissory note for the unpaid balance.[6] Lawrence, by his complaint, thereby placed the question of enforceability of the note in play since a judgment in Lawrence's favor would have undoubtedly resulted in cancellation of the note. See KRS 355.3-305 (providing defense and claims in recoupment); see also Shepherd v. Hill, 243 S.W.2d 1016, 1016 (Ky. 1951) (stating that "as between the original parties, the consideration of a promissory note may be impeached and an absence or failure of consideration will bar a recovery[ ]").
In other words, the enforceability of the note was ripe for determination as of August 1, 2013, notwithstanding that it may not have been due until December 31, 2013. As stated above, subject matter jurisdiction is determined from the pleadings, which are to be examined and taken at face value. Daugherty, 366 S.W.3d at 467. By rule, the pleadings are limited to the complaint, answer (including any counterclaim or cross claim), reply to a counterclaim, third-party complaint, and third-party answer. CR 7.01, 13. Lawrence's complaint rendered Bingham's counterclaim with respect to the note, i.e., Bingham's claim that the note is valid and enforceable, justiciable within the meaning of KY. CONST. § 112 (5). Bingham's counterclaim, thus, was ripe for adjudication, and the Court of Appeals erred by affirming the trial court's order holding otherwise.[7]
IV. Conclusion.
For the foregoing reasons, we reverse the Court of Appeals and remand this case to the Kenton Circuit Court with direction to reinstate the default judgment in favor of Bingham and to enter the award, including interest and costs, accordingly.
All sitting. Minton, C.J.; Cunningham, Hughes, VanMeter, Venters, and Wright, JJ., concur. Keller, J., dissents by separate opinion.

United States v. Lawrence, 557 F. App'x 520 (6th Cir. 2014).

Kiefer, a partner with Bingham, is a lawyer who practices in Indiana and who was admitted to practice in Kentucky pro hoc vice. Carran and Taliaferro served as local counsel for Lawrence.

This date we have rendered another opinion involving these parties, 2017-SC-000531-DG, affirming dismissal of Lawrence's malpractice claim that he subsequently filed in the Gallatin Circuit Court after the instant action dismissed his malpractice claim without prejudice.

Most cases involving promissory notes arise when the payee or a holder in due course sues to collect for nonpayment. But cases do arise in which a maker initiates the action. See, e.g., Greene v. Cotton, 457 S.W.2d 493 (Ky. 1970) (makers of note sued executors of payee's estate for declaration that note had been released by decedent).

Kentucky Revised Statutes.

The first paragraph of the note stated:
FOR VALUE RECEIVED, the undersigned, MEREDITH L. LAWRENCE , unmarried (the "Borrower"), hereby promises to pay to the order of BINGHAM GREENEBAUM DOLL L.L.P. , a Delaware limited liability partnership (the "Lender"), or its assignee, the principal sum of up to (and not to exceed) SIX HUNDRED FIFTY THOUSAND DOLLARS ($650,000.00), together with interest thereon as hereinafter provided. Such amount includes amounts owed by Borrower to Lender as of the date hereof, as well as the agreed-upon fee to be paid by Borrower to Lender in connection with Lender's legal representation of Borrower[.]

The unique circumstances of this case compel this result and holding. In the ordinary case in which a payee or holder in due course seeks to enforce a promissory note, Huffman and Gould remain good law.