RENDERED: NOVEMBER 20, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1564-MR

SOPHAL PHON                                                        APPELLANT

v.

APPEAL FROM WARREN CIRCUIT COURT
HONORABLE JOHN R. GRISE, JUDGE
ACTION NO. 96-CR-00599-005

COMMONWEALTH OF KENTUCKY                                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Sophal Phon appeals the Warren Circuit Court's September

13, 2019, order denying his motion to vacate or set aside its judgment pursuant to

Kentucky Rule of Criminal Procedure (RCr) 11.42 and Kentucky Rule of Civil

Procedure (CR) 60.02. Finding no error, we affirm.

In 1996, Phon and his fellow gang members entered the home of Khamphao Phromratsamy and Manyavanh Boonprasert. At the direction of the gang leader, Phon shot both individuals and their twelve-year-old daughter in the head execution style. Khamphao and Manyavanh were killed while their daughter miraculously survived. Phon was under the age of eighteen at the time.[1]

Given the brutality of the crime, the Commonwealth sought the death penalty; however, Phon was ultimately sentenced to life without parole (LWOP). Prior to his formal sentencing, Phon filed his first RCr 11.42 motion claiming ineffective assistance of counsel. Finding no error, the circuit court denied the requested relief and this Court affirmed. *Phon v. Commonwealth*, 51 S.W.3d 456, 458-61 (Ky. App. 2001).

In 2005, the Supreme Court of the United States (SCOTUS) rendered a decision in *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), wherein it held that sentencing juveniles to death was unconstitutional. Based on this, "Phon filed [a] motion for a new sentencing hearing . . . arguing that, because he had been subject to the death penalty when he pled guilty, he should be entitled to a new sentencing hearing." *Phon v. Commonwealth*, No. 2006-CA-002456-MR, 2008 WL 612283, at *2 (Ky. App. Mar. 7, 2008). We

---

[1] For a more detailed recitation of the facts giving rise to this case, see *Phon v. Commonwealth*, 545 S.W.3d 284 (Ky. 2018).

disagreed, holding that Phon was not entitled to change his guilty plea nor to a new sentencing hearing because the maximum penalty was no longer applicable. *Id*. at *4.

Subsequently, SCOTUS issued a series of Opinions concerning LWOP sentences for juveniles: *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (holding that it is unconstitutional for juveniles to be sentenced to LWOP for nonhomicide offenses); *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (holding that sentencing schemes mandating LWOP for juvenile offenders are unconstitutional); and *Montgomery v. Louisiana*, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (holding that the substantive rule announced in *Miller v. Alabama* applied retroactively to finalized sentences).

Using these cases, Phon requested a new sentencing hearing pursuant to RCr 11.42 and CR 60.02. Additionally, he argued that his sentence was prohibited under Kentucky Revised Statute (KRS) 640.040(1), which provides that the maximum sentence for a juvenile convicted of a capital offense is life without parole for twenty-five years (LWOP-25). In a detailed analysis of SCOTUS's decisions, the Kentucky Supreme Court refused to rule that Phon's sentence was unconstitutional; however, it did agree that Phon's sentence was statutorily prohibited. *Phon*, 545 S.W.3d at 308-09. As a result, the matter was remanded to the circuit court with instruction to impose a sentence of LWOP-25. *Id*. at 310.

Following the instruction of the Kentucky Supreme Court, the circuit court entered an order amending Phon's sentence to LWOP-25, and he became eligible for parole in 2022. Soon after the circuit court's order was entered, Phon filed a motion to vacate his amended LWOP-25 sentence pursuant to RCr 11.42 and CR 60.02 and requested a new sentencing hearing. On September 13, 2019, the circuit court denied Phon's motion, finding that his claim was not ripe and that it was without merit. This appeal followed.

Phon claims his LWOP-25 sentence violates the Eighth Amendment because Kentucky's parole system does not provide a method by which a youthful offender can demonstrate maturity and rehabilitation in order to receive a meaningful opportunity for release. Although Phon cleverly attempted to style this as a single issue, we believe his challenge contains two separate and distinct issues: (1) whether his LWOP-25 sentence is constitutional and (2) whether the Kentucky parole system, as it applies to juvenile offenders, violates the Eighth Amendment. For the following reasons, the first challenge is prohibited under Kentucky law while the latter is not ripe for judicial review.

Granting relief pursuant to RCr 11.42 or CR 60.02 is a power within the sound discretion of the circuit court. *Phon*, 545 S.W.3d at 290. Therefore, we review for abuse of discretion. *Id*.

Kentucky law is clear that successive post-judgment motions are impermissible. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). This is Phon's fourth collateral attack. In his prior appeal, the Kentucky Supreme Court carefully reviewed Phon's sentence and analyzed *Roper*, *Graham*, *Miller*, *Montgomery*, and KRS 640.040(1). The Court refused to rule that Phon's LWOP sentence was unconstitutional, and we are unconvinced the Court would come to a different conclusion concerning Phon's LWOP-25 sentence. 545 S.W.3d at 290-99. The only reason Phon's sentence was revised from LWOP to LWOP-25 is because the LWOP sentence violated KRS 640.040(1). *Id*. at 308-09. Moreover, the Court thoroughly discussed why the equitable remedy for Phon was to amend his sentence to LWOP-25. *Id*. Phon has not directed our attention to, nor are we aware of, any new law requiring us to distinguish the Kentucky Supreme Court's prior decision. "The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court." Rule of the Supreme Court (SCR) 1.030(8)(a). Thus, the court did not abuse its discretion.

Phon's second issue, that the Kentucky parole system as applied to juvenile offenders violates the Eighth Amendment, is not ripe for judicial review. As the Kentucky Supreme Court stated in *Bingham Greenebaum Doll, LLP v. Lawrence*:

> Ripeness under federal law is a jurisdictional requirement under Article III of the United States Constitution. This requirement similarly appears under the Kentucky Constitution in that circuit courts have original jurisdiction of all justiciable causes not vested in some other court. For a claim to be justiciable, it must be ripe. As this Court has recognized, the basic rationale of the ripeness requirement is to prevent the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements. A fundamental tenet of Kentucky jurisprudence is that courts cannot decide matters that have not yet ripened into concrete disputes. Courts are not permitted to render advisory opinions.

567 S.W.3d 127, 129-30 (Ky. 2018) (quotation marks, brackets, and citations omitted). Here we are dealing with the type of hypothetical the courts have warned against.

To determine whether a claim is ripe and therefore justiciable the court must weigh "(1) the hardship to the parties of withholding court consideration; and (2) the fitness of the issues for judicial review." *W.B. v. Commonwealth*, *Cabinet for Health and Family Services*, 388 S.W.3d 108, 114 (Ky. 2012) (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), *abrogated on other grounds* by *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)).

In the case *sub judice*, Phon claims to suffer hardship and injury through "his continued incarceration without review by a releasing authority based on the factors outlined in *Graham*, *Miller*, and *Montgomery* in violation of the

Eighth Amendment of the U.S. Constitution." Appellant Br. at p. 6. Additionally, he suggests the matter is fit for review because he "has been through the judicial process to completion, creating records related to: sentencing, conviction, appeal, correction of sentence, and appendices of affidavits and regulations demonstrating the lack of meaningful and realistic opportunity for release provided through the parole board process." *Id*. at p. 7.

However, Phon's claim is problematic because he alleges a due process violation when he has not been subjected to a parole hearing, which he is not eligible for until 2022. There is no administrative record to review in this case, only policy and procedure documents Phon attached to his brief. Furthermore, Phon's challenge becomes moot should the parole board rule in his favor. "Here, without a specific and developed factual record, we are presented with little more than an abstract disagreement, and, moreover, deferment will result in little hardship to the parties beyond those involved in any other case where the issues are not ripe for decision." *W.B.*, 388 S.W.3d at 114 (citation omitted). As a result, the court did not abuse its discretion.

For the foregoing reasons we need not address the merits of Phon's claim. We hereby affirm the Warren Circuit Court's order denying relief pursuant to RCr 11.42 and CR 60.02.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Laura A. Karem
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky