Thomas STEPHENS, Appellant,

v.

Timothy DENISON, Appellee.

No. 2003–CA–002109–MR.

Court of Appeals of Kentucky.

Nov. 5, 2004.

Thomas Stephens, St. Mary, pro se.

Paul S. Gold, Louisville, for appellee.

Before BUCKINGHAM, MINTON, and TAYLOR, Judges.

## OPINION

BUCKINGHAM, Judge.

Thomas Stephens was convicted of obtaining a controlled substance by fraud and of being a first-degree persistent felony offender (PFO I) and was sentenced to twenty years in prison following a jury trial in the Bullitt Circuit Court. He claims that his predicament was caused by the legal malpractice of the attorney representing him, Timothy Denison. Stephens filed a malpractice claim against Denison in the Jefferson Circuit Court, but

the court granted Denison's summary judgment motion. We affirm.

A Bullitt County grand jury initially indicted Stephens for the offense of obtaining a controlled substance by fraud. It later indicted him for PFO I. He retained Denison to represent him on the charges. Stephens was convicted on both counts after a jury trial in October 1997 and was sentenced to an enhanced term of twenty years in prison. His conviction was upheld on direct appeal by the Kentucky Supreme Court in an unpublished opinion.

While Stephens's direct appeal was pending before the supreme court, he filed a civil suit in the Jefferson Circuit Court against Denison claiming malpractice. Stephens asserted that Denison failed to notify him that the Commonwealth had made a plea offer under which he could have pled guilty to the obtaining a controlled substance by fraud charge and received a two-year sentence, with the Commonwealth agreeing not to bring the PFO charge. Stephens alleged that he was not informed of this offer until it was too late to accept it. Further, he claimed that Denison was under the influence of cocaine during the trial.

The circuit court awarded summary judgment in Denison's favor in an opinion and order entered on July 19, 2000. The court reasoned that Stephens's claim was barred by the applicable statute of limitation. However, this court reversed the judgment and remanded the case to the circuit court. *See Stephens v. Denison,* Ky.App., 64 S.W.3d 297 (2001).

Denison subsequently filed a renewed motion for summary judgment. He argued that Stephens's failure to identify an expert witness to support his claim and his failure to obtain postconviction relief barred any claim of legal malpractice. Stephens filed a response arguing that no expert testimony was necessary to support

his claim and that his failure to obtain postconviction relief did not bar his claim because the issue was the length of his sentence, not his innocence.

On September 9, 2003, the circuit court entered an order granting Denison's renewed summary judgment motion. The court reasoned that expert testimony was necessary to prove Stephens's claim of legal malpractice and that Stephens had failed to identify any expert witness. The court did not address Denison's argument that Stephens's failure to obtain postconviction relief also barred the claim. This appeal by Stephens followed.

■ Stephens argues on appeal that the circuit court erred in granting Denison's renewed summary judgment motion based on Stephens's lack of an expert witness to support his claim. He maintains that expert witness testimony was not necessary in order for a jury to determine whether Denison failed to inform him of the plea offer while it was still in effect and whether such alleged failure helped prove the elements necessary to support a legal malpractice claim. Thus, he contends that this court should reverse the judgment and remand the case for trial.

■ In order to support a claim of legal malpractice, a plaintiff must prove "1) that there was an employment relationship with the defendant/attorney; 2) that the attorney neglected his duty to exercise the ordinary care of a reasonably competent attorney acting in the same or similar circumstances; and 3) that the attorney's negligence was the proximate cause of damage to the client." *Marrs v. Kelly,* Ky., 95 S.W.3d 856, 860 (2003), *quoting Stephens,* 64 S.W.3d at 298–99. Because there is no question that there was an employment relationship with Denison and Stephens, the issue is whether expert witness testimony was necessary for Stephens

to prove that Denison neglected his duty to exercise ordinary care and that Denison's negligence was the proximate cause of damage to Stephens.

The question of whether expert testimony is always required in legal malpractice actions is apparently one of first impression in Kentucky. Kentucky has adopted an exception that allows medical malpractice claims to proceed without expert testimony where the negligence is so apparent that a layperson with general knowledge would have no difficulty recognizing it. *See Jarboe v. Harting,* Ky., 397 S.W.2d 775, 778 (1965); *Harmon v. Rust,* Ky., 420 S.W.2d 563, 564 (1967); *Maggard v. McKelvey,* Ky.App., 627 S.W.2d 44, 49 (1981). A similar result has been reached in dental malpractice actions. *See Butts v. Watts,* Ky., 290 S.W.2d 777, 779 (1956).

■ Because Kentucky courts allow medical and dental malpractice claims to proceed absent expert testimony where the negligence is so apparent that a layperson with general knowledge would have no difficulty recognizing it, we see no reason why such a rule should not be extended to legal malpractice claims. Stephens's allegation that Denison failed to communicate a plea offer to him until such time as it could no longer be accepted would fall within the aforementioned exception. Thus, his failure to identify an expert witness is not, by itself, fatal to his claim. Therefore, we conclude that the circuit court erred in granting summary judgment in favor of Denison based solely on Stephens's failure to identify an expert witness.

■ Although we have concluded that the circuit court erred in granting Denison's summary judgment motion based on Stephens's failure to have an expert witness to support his claim, we nevertheless believe the court, for a different reason, correctly granted the motion.[1] Although the court did not address Denison's argument that Stephens was required to obtain postconviction relief as a prerequisite to bringing his malpractice claim, we believe the argument has merit. In *Ray v. Stone,* Ky.App., 952 S.W.2d 220 (1997), this court addressed the issue in a case involving facts similar to those in this case. In the *Ray* case, Ray pled guilty to the charge of trafficking in a controlled substance (cocaine) and was sentenced to nine years in prison pursuant to a plea agreement with the Commonwealth. DUI and PFO I charges were dismissed under that agreement. Ray's postconviction motions to have the judgment vacated or set aside were unsuccessful.

Ray alleged that the attorney representing him negligently performed his professional duties and responsibilities, and Ray filed a civil action in the circuit court alleging legal malpractice. The attorney moved the court to grant him summary judgment. The circuit court granted the motion, and Ray appealed.

On appeal this court affirmed the circuit court's summary judgment and stated that "[t]here being no fact question concerning his innocence, public policy compels us to conclude that any acts or omissions by attorney Stone are not the cause of Ray's alleged damages. Instead, Ray must accept as the sole, proximate, and producing cause of the indictment, conviction, and resultant incarceration, his own unlawful conduct." *Id.* at 224. This court further stated that it supported the public policy that prohibits financial gain resulting directly or indirectly from criminal acts. *Id.*

---

1. An appellate court may affirm a trial court for any reason sustainable in the record. *See* *Kentucky Farm Bureau Mut. Ins. Co. v. Gray,* Ky.App., 814 S.W.2d 928, 930 (1991).

Quoting *In re Laspy's Estate*, 409 S.W.2d 725, 728 (Mo.App.1966), this court reasoned that allowing Ray to maintain a malpractice action against his attorney would allow him "to profit ... or take advantage of his own wrong, or to found a claim upon his iniquity or to acquire property by his own crime." 952 S.W.2d at 224. This court further explained that "[b]efore it can be demonstrated that the attorney's actions were the proximate cause of his damages, the plaintiff must establish his innocence." *Id.* Finally, based on Ray's guilty plea and the lack of a fact issue concerning his innocence, the court reasoned that the attorney was entitled to summary judgment. *Id.* at 225.

A case with facts similar to those in this case was before the Ohio Supreme Court in *Krahn v. Kinney*, 43 Ohio St.3d 103, 538 N.E.2d 1058 (1989). In that case Krahn's attorney did not communicate a plea offer by the prosecutor to dismiss Krahn's charges in return for her willingness to testify against another of her attorney's clients. As a result, Krahn later pled guilty to a misdemeanor offense pursuant to her attorney's advice and without the benefit of knowing the plea offer. Krahn then retained another attorney and filed a civil action against her first attorney for legal malpractice arising from his representation of her in the criminal case.

The case eventually came before the Ohio Supreme Court, which affirmed a lower appellate court's reversal of a summary judgment in favor of the attorney. Quoting from the lower appellate court, the Ohio Supreme Court reasoned that Krahn's injury "is not a bungled opportunity for vindication, but a lost opportunity to minimize her criminal record." *Id.* at 1061. The court reasoned that the situa-tion was similar to that in civil cases where the attorney fails to disclose a settlement offer. *Id.* The court concluded that "a plaintiff need not allege a reversal of his or her conviction in order to state a cause of action for legal malpractice arising from representation in a criminal proceeding." *Id.*

Despite the holding of the Ohio Supreme Court in the Krahn case, a majority of states that have addressed the issue have concluded that postconviction relief is a prerequisite to maintaining a legal malpractice action arising out of criminal representation. *See Canaan v. Bartee*, 276 Kan. 116, 72 P.3d 911, 914 (2003).[2] In the *Canaan* case, the Kansas Supreme Court stated that many courts have cited equitable principles, such as a concern that a defendant should not be allowed to profit from his or her illegal conduct and that it is improper to shift the burden of responsibility for the crime away from the criminal and to his attorney, as a justification for the exoneration rule. *Id.* at 916. Further, the court held that "without exoneration, it cannot be said that the attorney's actions were the proximate cause of the guilty criminal's injury." *Id.* The court concluded that unless the defendant obtained relief from his conviction or sentence, then his own actions are presumed to be the proximate cause of his injury. *Id.*

We agree with the principles discussed by the Kansas Supreme Court in the *Canaan* case and followed by a panel of this court in the *Ray* case. Therefore, because Stephens has not obtained exoneration from his conviction and sentence through postconviction relief, he may not maintain a cause of action against Denison for legal

---

**2.** The court in the *Canaan* case cited numerous opinions from other jurisdictions that held that a plaintiff must show exoneration by postconviction relief before maintaining a cause of action for legal malpractice. *See id.* at 915–16.

malpractice. In short, the circuit court properly awarded summary judgment in Denison's favor because there was no genuine issue of material fact in this regard. *See* Kentucky Rules of Civil Procedure (CR) 56.03.

The judgment of the Jefferson Circuit Court is affirmed.

MINTON, Judge, concurs.

TAYLOR, Judge, concurs in result only.