Jeanne ARNOLD and Verne
Arnold, Appellants,

v.

Mark PATTERSON; Suzanne
Patterson; and Norma
Patterson, Appellees.

No. 2006–CA–001280–MR.

Court of Appeals of Kentucky.

July 13, 2007.

Dwight Preston, Elizabethtown, for Appellants.

Benjamin J. Humphries, Whitlow & Scott, Elizabethtown, for Appellees.

Before ACREE, HOWARD, and LAMBERT, Judges.

## OPINION

LAMBERT, Judge.

The Arnolds appeal from a bench trial verdict granting title to a narrow strip of disputed property to the Pattersons. For the reasons set forth herein, we affirm the trial court's decision.

### Issue and Legal Standards

 The subject matter of this action to quiet title is a narrow gully beside a road that runs between the Arnold's and Patterson's respective real properties. The gully lies between the road and a fence on Patterson's property. The Arnolds claim ownership of the narrow strip of land on the far side of the dividing road up to the Patterson's fence. In contrast, the Pattersons claim that their boundary extends past their fence all the way to the dividing road, thereby including the gully between the fence and the road. The issue here is whether the dividing road or the Patterson's fence is the boundary between the parties' tracts. In actions to quiet title to disputed realty, a trial court has a duty to ascertain which of the possible owners has the strongest claim of title. *See Crawley v. Mackey*, 283 Ky. 717, 143 S.W.2d 171, 174 (1940). On appeal of a verdict from a bench trial, we review the lower court's findings of fact for clear error and its legal determinations *de novo. E.g., Gosney v. Glenn*, 163 S.W.3d 894, 898 (Ky.App.2005).

### The Competing Deeds

The Arnold's legal claim to title to the gully on the far side of the road from their tract is based on a deed executed by Jeanne Arnold to herself, containing a property description that she created. Naturally, the trial court gave little weight to this patently self-serving deed, especially in light of the fact that the Pattersons' competing general warranty deed was obtained after an arms-length purchase of their property from their predecessors-in-interest. The Pattersons' deed covers the disputed gully and contains a property description prepared by a licensed surveyor. Therefore, the trial court correctly gave the Pattersons' deed great weight. *See Lewis, Wilson & Hicks v. Durham*, 144 Ky. 704, 139 S.W. 952, S.W. 952, 955 (1911).

### Surveys

The record indicates that two additional surveys performed in the past thirty years also support the Pattersons' claim to the gully on their side of the road. In contrast, the record is devoid of any survey supporting the Arnolds' claim to the gully. Thus, the trial court's decision is additionally well supported by the survey evidence. *See e.g., Howard v. Kingmont Oil Co.*, 729 S.W.2d 183, 184–85 (Ky.App.1987).

### Title Opinions

At the time they purchased their tract, the Pattersons obtained a professional title opinion, which indicated their claim to the gully was sound. In contrast, the Arnolds have produced no title opinion in their favor.

### Boundary Acquiescence

The Arnolds contend that the Pattersons have tacitly acquiesced to the position that their fence divides the tracts, not the road between the two tracts. Thus, the Arnolds claim, as a matter of equity, if not law, that the gully between the road and fence belongs to them, even though it is on the far side of the road. However, after reviewing all the conflicting evidence about the Pattersons' purported acquiescence to a fence boundary, not a road boundary, the trial court found as a matter of historical fact that, prior to the Arnolds' current

claim to the gully, the Pattersons' fence was never viewed by the parties as the boundary between their respective tracts. Thus, the trial court held that the Arnold's acquiescence claim lacked a factual basis. We hold that, because substantial evidence in the record supports the trial court's findings of fact and because the Arnolds have not demonstrated that the findings are clearly erroneous, we are bound to credit those findings. *See* CR 52.01. Consequently, we must reject the Arnold's boundary-acquiescence claim.

### Prior Litigation

 In any event, the record indicates that some twenty-five years ago, the Arnolds unsuccessfully sued the Pattersons' predecessor-in-interest claiming certain portions of his land on the far side of the road. Under well settled rules against splitting causes of actions, the Arnolds should have raised their claim to the gully in that litigation, and so the failure to successfully do so bars their current attempt to claim it now. Piecemeal litigation and splitting of causes of actions are highly disfavored. *See Whittaker v. Cecil,* 69 S.W.3d 69, 72 (Ky.2002). Even were we to believe that the Arnold's equitable and legal claims to the disputed tract were sound, which we do not, we nevertheless could not countenance the Arnold's belated attempt to claim more land on the far side of the dividing road when the matter either was, or should have been, resolved twenty-five years ago in the prior litigation.

### Conclusion

For the foregoing reasons, we affirm the judgment below.

ALL CONCUR.