**Kevin M. GLEASON, Appellant**

v.

**Nicholas NIGHSWANDER, PLLC, Appellee**

**NO. 2014–CA–000819–MR**

Court of Appeals of Kentucky.

RENDERED: JANUARY 8, 2016; 10:00 A.M.

BRIEFS FOR APPELLANT: Kevin M. Gleason, Pro se, Florence, Kentucky

BRIEF FOR APPELLEE: Anthony A. Mahan, Newport, Kentucky

BEFORE: JONES, D. LAMBERT AND THOMPSON, JUDGES.

*OPINION*

THOMPSON, JUDGE:

Kevin M. Gleason, *pro se,* appeals from a judgment of the Boone Circuit Court following a bench trial awarding Nicholas Nighswander, PLLC, $18,704.17 for legal services rendered to Gleason and $1,128.25 for reimbursement for an invoice from Barlow Reporting. Gleason contends the trial court erred when it ruled that to maintain his professional negligence claim against Nighswander, he was required to retain an expert witness. Because the trial court did not err in requiring identification of an expert witness and Gleason requested that his claim against Nighswander for professional negligence be dismissed, we affirm.

Gleason was involved in a child custody dispute in the Boone County Family Court. When Gleason hired Nighswander to represent him in the custody dispute, he had two prior attorneys and, at this point, the custody battle had been ongoing for two years. The issues in the custody dispute included allegations of abuse of the child and prostitution by the child's mother.

Nighswander and Gleason entered in a written agreement for Nighswander's legal representation. Pursuant to the agreement, Gleason was to pay Nighswander's fees at the rate of $140 per hour plus actual costs and expenses.

Nighswander entered the case as it was set for trial and much of the evidence had been prepared by Gleason's prior counsel, including hiring Dr. Robert Lilly as an expert witness. As noted by the circuit court, the trial did not go as anticipated by Gleason. Lilly did not survive a *Daubert* hearing. The custody evaluator who prior to trial recommended that Gleason be awarded sole custody, recanted his recommendation at trial. In the trial court's words, the use of a video Gleason prepared "backfired." In the end, sole custody of the child was awarded to the child's mother.

After Gleason refused to pay Nighswander's fees and expenses, Nighswander filed this action. In addition to his answer, Gleason filed a counterclaim against Nighswander alleging breach of contract and professional negligence.

Nighswander requested that Gleason identify his expert witness to support his

professional negligence claim. After no response was received, on June 11, 2013, Nighswander filed a motion to compel identification of Gleason's expert witnesses. The trial court entered an order compelling Gleason to identify his expert witnesses as part of discovery within 30 days. After Gleason did not comply with the court's order, Nighswander filed a motion to strike Gleason's answer and enter a default judgment as Kentucky Rules of Civil Procedure (CR) 37 sanctions. Nighswander argued an expert witness was necessary to produce proof of attorney negligence at trial.

On August 26, 2013, the trial court ordered Gleason to specifically set forth the proof he intended to submit to prove Nighswander's conduct fell below the standards of a reasonably competent attorney within seven days. At that time, the trial court did not rule whether Gleason would have to produce an expert witness.

On August 27, 2013, Gleason filed a pleading stating that his professional negligence against Nighswander did not require an expert witness because his negligence was apparent and understandable to a reasonable layperson. Gleason set forth his intent to prove Nighswander was ill prepared for trial, used improper trial strategy and did not file a CR 60.02 motion to vacate.

On September 19, 2013, the trial court ruled Gleason's allegations of professional negligence required an expert to proceed and provided him an additional 45 days to obtain and identify his expert. On November 4, 2013, Gleason requested a continuance to procure his expert. The trial court granted Gleason's request.

On November 13, 2013, Nighswander renewed his motion to strike and enter a default judgment as CR 37 sanctions for failure to comply with the trial court's order requiring Gleason to produce an expert witness. On November 27, 2013, Gleason filed a motion requesting the trial court to reconsider its order requiring that he procure an expert and filed another motion for a continuance to identify an expert. On December 20, 2013, the trial court denied Gleason's motion for reconsideration but granted his motion for a continuance allowing him until January 21, 2014, to indentify an expert.

Prior to January 21, 2014, Nighswander filed a motion for summary judgment. On January 16, 2014, Gleason filed a motion to dismiss his counterclaim for professional negligence. In that motion he stated:

> The Defendant has exhausted efforts to secure an expert. The complexities of this case involving family law, custody, domestic violence and professional negligence make it quite difficult to find an attorney who practices in all of these areas.

Gleason specifically requested that the court "dismiss the Defendant's Countersuit for Negligence."

Following a hearing, the trial court granted Gleason's motion to dismiss his counterclaim for professional negligence. It granted Nighswander's motion for summary judgment on the issue of liability.

An evidentiary hearing was held on the amount owed to Nighswander. The trial court awarded Nighswander a judgment against Gleason in the amount of $18,704.17 for legal services and $1,128.25 as reimbursement for the Barlow Reporting invoice.

■ Gleason states the sole issue on this appeal as follows:

> The question presented on appeal, is whether an expert witness was necessary in order for a jury to determine whether the Appellee was negligent in his duty to the Appellant, and if the trial

court abused its discretion by barring the Appellant's negligence defense by requiring an expert witness.

■■■ To succeed on a claim of legal malpractice, the following must be proven: "1) that there was an employment relationship with the defendant/attorney; 2) that the attorney neglected his duty to exercise the ordinary care of a reasonably competent attorney acting in the same or similar circumstances; and 3) that the attorney's negligence was the proximate cause of damage to the client." *Marrs v. Kelly*, 95 S.W.3d 856, 860 (Ky.2003). In cases involving professions requiring special skill and expertise, "expert testimony is typically required to establish the standard of care." *Boland–Maloney Lumber Co. v. Burnett*, 302 S.W.3d 680, 686 (Ky.App. 2009). An exception to the rule is where "the negligence of the professional is so apparent that even a layperson could recognize it." *Id.* In *Stephens v. Denison*, 150 S.W.3d 80, 82 (Ky.App.2004), the Court held the exception is applicable to legal malpractice claims.

■■■ The determination whether an expert witness is required rests within the trial court's discretion. *Blankenship v. Collier*, 302 S.W.3d 665, 673 (Ky.2010). If an expert is needed, the trial court "should give the plaintiff a reasonable amount of time to identify an expert[.]" *Id.*

We agree with the trial court that expert testimony was required as to Gleason's allegations of negligence against Nighswander concerning his trial preparation, trial strategy, and his failure to file a CR 60.02 motion to vacate the custody order. The allegations all concern the skill and expertise required of Nighswander measured by the standard of conduct customary in the legal profession under the circumstances. *Boland,* 302 S.W.3d at 686.

After determining an expert was required, the trial court allowed Gleason ample time to obtain an expert. Repeatedly, the trial court gave Gleason extensions. Ultimately, Gleason represented to the trial court that he could not produce an expert and Gleason requested that his counterclaim for professional negligence be dismissed. He cannot complain on appeal that the trial court granted his request.

The judgment of the Boone Circuit Court is affirmed.

ALL CONCUR.