LAMBERT, JUDGE:
This appeal involves the installation of a residential driveway in 2008 in Lexington, Kentucky. We vacate the order granting summary judgment and remand the matter to the circuit court.
Jason Greer, through his corporation LB Holdings, LLC, purchased a piece of residential property on Lakewood Drive in an upscale urban neighborhood. It was Greer's intent to make improvements to the property and sell it at a profit. He hired Eddie Turner to do some of the remodeling work. But Turner advised Greer that the driveway was beyond his area of expertise, so Greer authorized Turner to find a contractor for the paving.
Turner contacted Josh Coleman of C & R Asphalt, LLC, and the two agreed on the work to be performed. Turner signed the "Acceptance of Proposal." The negotiated cost of the driveway was $18,480.00, but additional work was ordered by Greer, and the final cost submitted for payment was $23,670.00. Greer refused to pay, claiming that the work was unsatisfactory, and the asphalt company placed a lien on the property; it filed suit the following year.
C & R's complaint was amended three times, with parties added and dismissed over the years. Turner was named as a defendant in 2011; C & R's allegations against Turner were: (1) that he should be held liable as Greer's general contractor; (2) that it was Turner who had signed the written contract; and (3) that Turner failed to pay C & R and should thus be held accountable for the contractual amount plus interest, costs, and fees.
Meanwhile, LB Holdings filed for bankruptcy reorganization during the economic downturn of 2009. Renovations on the *196 Lakewood Drive property were suspended from 2009 to 2014. LB Holdings was able to resume official business in 2014 after securing a bond (through Suretec Insurance Company, Inc.), which allowed for the release of the liens against the property. LB and Suretec were named defendants to this litigation in 2014.
In 2017, there were three separate motions for summary judgment: one by the landowner and his corporate holdings company, one by the asphalt company, and one by Eddie Turner. On April 20, 2017, the asphalt company's motion for partial summary judgment against Turner was granted (with the circuit court holding that there were no genuine issues of material fact that Turner was personally liable to C & R), but the other two motions were denied. The circuit court later ruled (after motions to alter, amend, or vacate were filed by both C & R and Turner) that Turner was accountable to the asphalt company for $23,670.00 plus interest compounded at 24% annually since 2011 (the year Turner was added as a party); the final computation for Turner's liability was $174,833.61. Turner appeals.
We begin by reciting our standard of review:
A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. We explained in Steelvest, Inc. v. Scansteel Serv. Ctr., Inc. :
While it has been recognized that summary judgment is designed to expedite the disposition of cases and avoid unnecessary trials when no genuine issues of material fact are raised, ... this Court has also repeatedly admonished that the rule is to be cautiously applied. The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor. Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact. The trial judge must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists. It clearly is not the purpose of the summary judgment rule, as we have often declared, to cut litigants off from their right of trial if they have issues to try.
807 S.W.2d 476, 480 (Ky. 1991) (internal citations omitted).
"Because summary judgments involve no fact finding, this Court will review the circuit court's decision de novo. " 3D Enterprises Contracting Corp. v. Louisville & Jefferson Cnty. Metro. Sewer Dist. , 174 S.W.3d 440, 445 (Ky. 2005). On appeal, "[t]he standard of review ... of a summary judgment is whether the circuit judge correctly found that there were no issues as to any material fact and that the moving party was entitled to a judgment as a matter of law. Summary judgment is appropriate where the movant shows that the adverse party could not prevail under any circumstances." Pearson ex rel. Trent v. Nat'l Feeding Sys., Inc. , 90 S.W.3d 46, 49 (Ky. 2002).
Caniff v. CSX Transp., Inc. , 438 S.W.3d 368, 372 (Ky. 2014).
Turner first argues that summary judgment was improperly granted against him because there were factual issues concerning whether he was acting as Greer's agent rather than in his individual capacity when he signed the "Acceptance of Proposal."
*197 If anything, Turner states, the circuit court should have granted his motion for summary judgment to dismiss him as a party. C & R, on the other hand, insists that the document speaks for itself and that Turner was correctly bound by it. Furthermore, C & R insists, Turner made admissions during discovery which preclude his current argument.
"A judicial admission is a formal statement concerning a disputed fact, made by a party during a judicial proceeding, that is adverse to that party, and that is deliberate, clear, and uncontradicted.... We review de novo a circuit court's decision upon a judicial admission." Zapp v. CSX Transp., Inc. , 300 S.W.3d 219, 223 (Ky. App. 2009) (citations omitted). Here, C & R maintains that Turner made admissions that supported all elements of the breach of contract claim against him.
What is glaringly absent to us is any proof that Turner benefitted from the alleged contract with C & R. He had been instructed by Greer to find a contractor to perform the driveway overhaul, and he did just that. There was no contention that Turner was given the money to pay C & R and then kept it for himself or that he would receive a percentage of the contract price from either Greer/LB Holdings or C & R. Yes, he did sign the "Acceptance of Proposal" and included his personal information on that sheet of paper, but C & R was aware that Turner did not live at the property or was ever planning to do so.
However, C & R, in its brief to this Court, alleged that this was at least the sixth project it had worked on with Turner, and in each of those previous projects Turner had paid C & R from his personal checking account. C & R maintains that, since this was their course of dealing, Turner must have had the same arrangement with Greer and his corporation. But those are issues of fact that are properly determined by a jury. C & R did not meet its burden of proof that Turner "could not prevail under any circumstances." Pearson , 90 S.W.3d at 49. The matter of Turner's capacity here as agent versus general contractor is not ripe for summary judgment, and the circuit court erred in ruling in that fashion. Caniff, supra at 372.
Moreover, after examining the record in its entirety, we cannot see how granting one of three motions for summary judgment is advantageous to resolving the remaining issues before the circuit court. The facts of the remaining claims are inextricably intertwined with the issue before us, and the resolution of the remaining claims should not be hindered by the premature finding that Turner is personally liable. See Young v. Vista Homes, Inc. , 243 S.W.3d 352, 368 (Ky. App. 2007) ("same nucleus of operative facts"). "Piecemeal litigation and splitting of causes of actions are highly disfavored. See Whittaker v. Cecil , 69 S.W.3d 69, 72 (Ky. 2002)." Arnold v. Patterson , 229 S.W.3d 923, 925 (Ky. App. 2007). While we understand the circuit court's attempt to separate the wheat from the chaff, summary judgment against Turner was not appropriate under these circumstances. See Commonwealth, Dep't of Highways v. Diuguid , 469 S.W.2d 707, 708 (Ky. 1971).
We need not address the issues of the award of attorney fees and 24% compounded interest at this time.
The summary judgment finding Turner personally liable is vacated and this matter is remanded to the Fayette Circuit Court for proceedings consistent with this opinion.
ALL CONCUR.