RENDERED: JUNE 11, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1735-MR

CUT-N-SHOOT, L.L.C.; MEREDITH
L. LAWRENCE, P.S.C.; AND
MEREDITH L. LAWRENCE　　　　　　　　　　　　　　APPELLANTS

　　　　　　　　　APPEAL FROM GALLATIN CIRCUIT COURT
v.　　　　　　　HONORABLE JAMES R. SCHRAND, II, JUDGE
　　　　　　　　　ACTION NO. 19-CI-00083

BINGHAM GREENEBAUM DOLL,
L.L.P.; BGD HOLDINGS, L.L.C.;
BINGHAM MCHALE, L.L.P.; AND
JAMES RICHARD KIEFER　　　　　　　　　　　　　　　APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

JONES, JUDGE: This appeal arises from a series of related litigation before the

Kenton and Gallatin Circuit Courts. In 2012, Appellees James Richard Kiefer and

his law firm, Bingham Greenbaum Doll, L.L.P. (hereinafter collectively referred to

as "Bingham"), represented Appellant Meredith L. Lawrence in a federal criminal

case. Lawrence was convicted in 2012 and subsequently sued Bingham for legal malpractice related to his representation. In 2014, Bingham sued Lawrence in a separate action to foreclose on a mortgage that secured the promissory note for Lawrence's unpaid legal fees, and Lawrence asserted a counterclaim for legal malpractice. In 2015, Lawrence sued Bingham for legal malpractice and asserted a variety of related ancillary claims. In 2019, Lawrence and his business entities, Cut-N-Shoot, L.L.C., and Meredith L. Lawrence, P.S.C. (hereinafter referred to collectively as "Lawrence"), again brought claims against Bingham sounding in legal malpractice. The Gallatin Circuit Court dismissed Lawrence's claims in this lawsuit under CR[1] 12.02(f) and imposed CR 11 sanctions on Lawrence for duplicitous litigation. Following a careful review of the record and relevant case law, we AFFIRM the Gallatin Circuit Court's judgment.

## I.  STATEMENT OF THE CASE

This is the fourth case in which Lawrence[2] has sued Bingham for professional/legal malpractice in connection with Bingham's legal representation of Lawrence in a federal criminal case. Lawrence first retained Bingham in 2008 to represent him in federal court on tax evasion charges. Lawrence soon fell

---

[1] Kentucky Rules of Civil Procedure.

[2] Lawrence was formerly an attorney and a member of the Kentucky Bar Association. *Lawrence v. Bingham, Greenebaum, Doll, L.L.P.* (*Lawrence II*), 567 S.W.3d 133, 135 (Ky. 2018).

-2-

behind on his legal fee payments, and the parties renegotiated their fee agreement, resulting in Lawrence's executing a promissory note for the unpaid legal fees. In 2012, Lawrence was indicted and convicted in federal court for willfully filing false tax returns for 2004, 2005, and 2006 in violation of 26 U.S.C.[3] § 7206(1). Lawrence was sentenced to twenty-seven months in prison and ordered to pay restitution to the United States Treasury. By 2017, Lawrence had exhausted all conventional post-conviction direct and collateral attacks against his conviction, including a 28 U.S.C. § 2255 petition to vacate, set aside, or correct sentence.

In 2013, Lawrence sued Bingham for professional/legal malpractice in Kenton Circuit Action No. 13-CI-01620. Bingham counterclaimed for the enforcement of the promissory note Lawrence had executed in partial payment of his attorney fees. The circuit court granted Bingham summary judgment pursuant to the Exoneration Rule because Lawrence had not been exonerated of his criminal conviction. The circuit court also granted Bingham a default judgment against Lawrence on the promissory note. Subsequently, a new trial judge took the bench and set aside the default judgment, and Lawrence appealed the summary judgment. Ultimately, the Kentucky Supreme Court ordered the circuit court "to reinstate the default judgment in favor of Bingham and to enter the award, including interest and costs, accordingly." *Bingham Greenebaum Doll, LLP v. Lawrence* (*Lawrence*

---

[3] United States Code.

*I*), 567 S.W.3d 127, 131 (Ky. 2018). Lawrence has since appealed the Kenton Circuit Court's refusal to address certain post-judgment motions. That appeal, No. 2019-CA-1125, is presently pending before our Court.

In 2014, Bingham filed Gallatin Circuit Action No. 14-CI-00055 against Lawrence to foreclose on the mortgage which secured Lawrence's promissory note.[4] Even though the federal litigation was still pending[5] and Lawrence had not been exonerated of his criminal conviction, Lawrence counterclaimed for malpractice. The circuit court granted summary judgment in Bingham's favor and dismissed Lawrence's counterclaim pursuant to the Exoneration Rule. Record (R.) at 238-49. The property subject to the aforementioned mortgage was sold, and the sale was confirmed by the circuit court on May 30, 2018.

Lawrence appealed. Upon transfer to the Kentucky Supreme Court, the Supreme Court held that Lawrence's allegation that Bingham has engaged in the unauthorized practice of law is meritless. *Lawrence III*, 599 S.W.3d at 824.

---

[4] "Gallatin County was the chosen venue for this action because the mortgaged real estate was situated in that county." *Lawrence v. Bingham Greenebaum Doll, L.L.P.* (*Lawrence III*), 599 S.W.3d 813, 819 (Ky. 2019).

[5] "Also occurring simultaneously with [Kenton Circuit Action No. 13-CI-01620 and Gallatin Circuit Action No. 14-CI-00055] was a collateral attack on his conviction that Lawrence filed in federal court based, in part, on a claim of ineffective assistance of counsel. The federal court ruled against Lawrence on his ineffective-assistance-of-counsel claim and issued its final order before the resolution of the Kenton and Gallatin cases." *Id*. at 819-20.

The Kentucky Supreme Court rejected Lawrence's argument that he was fraudulently induced into hiring Kiefer by a misrepresentation that Kiefer was licensed to practice in Kentucky. *Id*. at 824-25. Our Supreme Court also held that because the federal court had denied his ineffective-assistance-of-counsel claim, Lawrence was precluded from claiming that Bingham's legal representation was deficient. *Id*. at 824-25. Lawrence's attack on the amount of attorneys' fees owed was likewise barred by claim preclusion. *Id*. at 825. However, the Kentucky Supreme Court did reverse and remand the Gallatin Circuit Court's summary judgement on one issue: whether Bingham had properly accepted a security interest in the real property Lawrence had offered to secure his unpaid legal fee. *Id*. at 828-29.

Consequently, on August 21, 2020, the Gallatin Circuit Court set aside the deed of foreclosure, finding that Bingham had taken a possessory interest in Lawrence's property for more than the agreed upon fee and Lawrence had not been given a reasonable time to consult with independent counsel. Both Bingham and Lawrence have filed appeals in this case that are currently pending before our Court.[6]

---

[6] Bingham appealed the Gallatin Circuit Court's April 24, 2020 and August 21, 2020, orders in Appeal No. 2020-CA-1131, and Lawrence cross-appealed on claims relating to damages and his counterclaims in Appeal Nos. 2020-CA-1217 and 2021-CA-0320. These appeals have since been consolidated at the agreement of the parties.

In October 2015, Lawrence filed Action No. 15-CI-00113 in Gallatin Circuit Court against Bingham with a sole cause of action – professional negligence in Bingham's defense of his criminal charges. *Lawrence II*,[7] 567 S.W.3d at 136. Lawrence filed this third legal malpractice claim against Bingham with a litany of ancillary claims: "professional negligence, gross negligence, breach of fiduciary duty, breach of contract both express and implied, breach of professional failure to observe the rules and order of the court and were intentionally reckless and wanton with the representation of the defendants, including but not limited to the [sic] violating the constitutional rights of the defendants." *Id*. Lawrence also alleged, as he does in the present case, that Bingham "willfully/intentionally breached fiduciary duties," "the Exoneration Doctrine is not applicable to his claims regarding fee disputes, intentional betrayal, violations of the Supreme Court Rules, fraud, and concealment," "his legal malpractice claims should be allowed to proceed under the language of KRS 411.165," and "the [Exoneration Doctrine] is inapplicable in cases of professional negligence where the attorney fee is unreasonable, or when the attorney fails to provide his case file to his former client." *Id*. at 137. Our Supreme Court determined that the case was properly dismissed in favor of Bingham, finding that

---

[7] Although Gallatin Circuit Action No. 15-CI-00113 was filed after Gallatin Circuit Action No. 14-CI-00055, we have chosen to order and abbreviate the Supreme Court's case titles according to when the Supreme Court rendered its opinions.

all of the causes of action asserted by Lawrence "stem[med] from the same professional negligence claim, a claim that . . . fails due to the lack of exoneration." *Id*. at 141. There are no appeals currently pending in that case.

On June 14, 2019, just six months after our Supreme Court's decision in *Lawrence II* and two months before our Supreme Court rendered *Lawrence III*, Lawrence filed the Complaint in this case, Gallatin Circuit Action No. 19-CI-00083. According to Lawrence, he filed this latest complaint to recover attorneys' fees paid to Bingham, set aside orders and judgments in other cases allowing Bingham's attorney fees, obtain damages for breach of the attorney-client contract, and set aside the foreclosure and sale of Lawrence's business property in Gallatin Circuit Action No. 14-CI-00055. In doing so, Lawrence asserted claims against Bingham for legal/professional malpractice, negligence, breach of contract, fraudulent concealment, fraud by omission, fraud by misrepresentation, deceit, unjust enrichment, violations of the Fair Debt Collection Practices Act (FDCPA), slander of title, conversion, and intentional infliction of emotional distress.

On July 5, 2019, Bingham moved to dismiss Lawrence's claims because Lawrence had not pled that he had been exonerated, rendering his claims once again premature under the Exoneration Rule. Lawrence argued that the parties' legal employment relationship was invalidated by Bingham's allegedly unauthorized practice of the law, rendering the Exoneration Rule inapplicable. In

reply, Bingham directed the circuit court to take judicial notice of the federal court's October 17, 2011 order admitting Kiefer *pro hac vice* in *USA v. Lawrence*, 2:11-cr-00052-DCR-EBA, Lawrence's criminal case.[8]

On July 25, 2019, Lawrence moved for an "equitable accounting" and the creation of a "constructive trust" for the disputed attorneys' fees and foreclosed properties. On August 9, 2019, Bingham responded to that motion, arguing that Lawrence's claims were still barred by the Exoneration Rule and merely an attempt to reargue issues already decided in Gallatin Circuit Action No. 14-CI-00055.

In August 2019, the trial court dismissed Lawrence's claims. The court rejected Lawrence's argument that Bingham had engaged in the unauthorized practice of law and dismissed all of Lawrence's claims as stemming from his claims for legal malpractice.

> The Plaintiffs [argue] that Kentucky procedural due process requires denial of the CR 12.02(f) because the motion present relies on "matters outside the pleadings," thus it should be treated as a Motion for Summary Judgment and all parties should be given the opportunity to conduct discovery. They further argue that Kentucky's exoneration rule is inapplicable because this is not a professional malpractice case because Defendant LLP's, nor attorney Kiefer were admitted to practice law

---

[8] At the conclusion of briefing on Bingham's motion to dismiss, Lawrence filed a second amendment to his complaint without moving for or being granted leave pursuant to CR 15.01, alleging that he and his businesses were damaged "as a result of the action and inaction of [Bingham] at and leading up to the sentencing hearing November 15, 2012" in his 2012 criminal case. R. at 155-65.

in Kentucky and were not approved by the Plaintiffs to provide legal representation to the Plaintiffs. Plaintiffs allege that the Defendants were engaged in a concealed criminal enterprise, the unauthorized practice of law, and any contract, including an attorney-client contract is *void ab initio* when the attorney is perpetuating a crime on the client and, in this case, on the Court. Plaintiffs argue that as there was no employment relationship between themselves and the Defendants, the underlying case cannot be considered a professional malpractice claim.

. . .

Plaintiffs' cause of action against Defendants in this case is one of professional negligence, a.k.a., a cause of action for Legal Malpractice. Although there are ancillary claims, the Court finds that all of those claims stem from the same professional negligence claim. Under Kentucky law, in order to proceed on a claim of legal malpractice, a plaintiff is required to prove: (1) that there was an agreement or attorney client relationship with the defendant attorney; (2) that the attorney neglected his duty to exercise the ordinary care of a reasonably competent attorney acting in the same or similar circumstances; and (3) that the attorney's negligence was the proximate cause of damage to the client. *Stephens v. Denison*, 150 S.W.3d 80, 81 (Ky. App. 2004). "Before it can be demonstrated that the attorney's actions were the proximate cause of his damages, the plaintiff must establish his innocence. 'If a criminal defendant obtains post-conviction relief and proves by a preponderance of the evidence that he is innocent of the underlying offense, he has then satisfied this prerequisite and may be able to prove his attorney's malpractice was the proximate cause of his injuries.'" *Ray v. Stone*, 952 S.W[.]2d 220 (Ky. App. 1997) (citing *Peeler v. Hughes & Luce*, 868 S.W.2d 823, 832, aff'd, 909 S.W.2d 494 (Tex. App. 1995). According to *Stephens*, when a criminal defendant has not obtained exoneration from his conviction and sentence through post-conviction relief,

> he may not maintain a cause of action against his criminal attorney for legal malpractice. *Stephens*, 150 S.W.3d at 83-4.
>
> Although Plaintiffs claim that this action cannot be a professional liability action in that there is no professional relationship between the Plaintiffs and the Defendants the Court takes judicial notice that Richard Kiefer did indeed represent the Defendant in his federal criminal case and was admitted to practice *pro hac vice* by the federal court by Order of October 17, 2011. The Plaintiffs in this case cannot maintain their cause of action for legal malpractice against Defendants because Plaintiff Lawrence is not able to show that he has obtained exoneration from his conviction in 11-CR-52-DCR through post-conviction relief. . . .

R. at 211-14.

Bingham then moved for CR 11 sanctions on the basis that this was the fourth time Lawrence had asserted legal malpractice claims and the fourth time they had been dismissed for essentially the same reason. At the same time, Lawrence moved the circuit court to alter, amend, or vacate its order.

After briefing and hearing the motions, the circuit court entered orders granting Bingham's motion for sanctions and denying Lawrence's motion to alter, amend, or vacate. The circuit court rejected Lawrence's arguments that the decisions in prior Kentucky Supreme Court cases between the same parties "preserved" the claims he had reasserted in the present case and found that this litigation was duplicative and unnecessary in light of the decisions in related cases. In December 2019, the circuit court granted the CR 11 sanctions and awarded

-10-

Bingham attorneys' fees in the amount of $2,937.00 and costs in the amount of $137.73.

This appeal followed.[9]

## II. STANDARD OF REVIEW

Our Supreme Court provides the appellate standard of review in a Motion to Dismiss case such as this:

> A motion to dismiss for failure to state a claim upon which relief may be granted [under CR 12.02(f)] admits as true the material facts of the complaint. So a court should not grant such a motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved. . . . Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief? Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo*.

*Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citations and internal quotation marks omitted).

Our review of a trial court's actions related to CR 11 sanctions "requires a multi-standard approach, that is, a clearly erroneous standard to the trial

---

[9] On January 19, 2021, Lawrence filed a CR 60.02 motion in Gallatin Circuit Action No. 19-CI-00083 that was ultimately denied on April 28, 2021. While not at issue on our appeal, we note that "CR 60.02 is not a separate avenue of appeal to be pursued in addition to other remedies. . . ." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997).

court's findings in support of sanctions, a *de novo* review of the legal conclusion that a violation occurred, and an abuse of discretion standard on the type and/or amount of sanctions imposed." *Clark Equipment Co., Inc. v. Bowman*, 762 S.W.2d 417, 421 (Ky. App. 1988) (footnote and citations omitted).

### III. ANALYSIS

Lawrence presents two predominant issues on appeal: (1) whether the circuit court correctly dismissed Lawrence's complaint; and (2) whether the circuit court erroneously granted CR 11 sanctions against Lawrence. Because Lawrence contends that all his claims were improperly dismissed, we will address each claim specifically.

As a preliminary matter, we reject Lawrence's contention that we must review the dismissal of his Complaint under CR 56.03 rather than CR 12.02(f). Lawrence argues that because the trial court took judicial notice that Kiefer represented Lawrence "in his federal criminal case and was admitted to practice *pro hac vice* by the federal court by Order of October 17, 2011," Bingham's motion to dismiss was converted to one for summary judgment. R. at 217-18. This is incorrect. Courts are permitted to take judicial notice of court records and may do so without converting a motion to dismiss into one for summary judgment. *Rogers v. Commonwealth*, 366 S.W.3d 446, 451 (Ky. 2012) ("[C]ourt records . . . may now be resorted to for judicial notice[.]"); *see, e.g.,*

-12-

*Polley v. Allen*, 132 S.W.3d 223, 226 (Ky. App. 2004) ("A court may properly take judicial notice of public records and government documents, including public records and government documents available from reliable sources on the internet."); *Buck v. Thomas M. Cooley L. Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("[A] court may take judicial notice of other court proceedings without converting the motion into one for summary judgment."). Accordingly, Lawrence's complaint was appropriately evaluated pursuant to CR 12.02(f).

We now turn to the substance of Lawrence's appeal. First, we address Lawrence's claims of deceit, fraudulent concealment, unjust enrichment, fraud by misrepresentation and intentional infliction of emotional distress,[10] which fall under Lawrence's general allegations that Bingham engaged in the unauthorized practice of law. According to Lawrence, Bingham "fraudulently concealed [that] attorney Kiefer was not licensed or admitted to practice law in Kentucky *pro hac vice* [and] did not seasonably apply for admission, but had engaged in an intentional and illegal unauthorized practice of law, a crime in Kentucky, nullifying the attorney client contract, fee agreement, right to fees, orders and judgments otherwise *void ab initio*." R. at 5.

---

[10] Lawrence derives his intentional infliction of emotional distress claim from the "intentional[,] . . . reckless[,] . . . outrageous[,] . . . [and] intolerable" "misconduct, misfeasance, misinformation and fraudulent affirmative actions of [Bingham]." R. at 10.

-13-

Our Supreme Court has already rejected this contention on its merits in *Lawrence III*:

> Kiefer was admitted to practice law in Indiana and sought and obtained *pro hac vice* admission to represent Lawrence in the U.S. District Court for the Eastern District of Kentucky. Lawrence argues, however, that regardless of those facts, Kiefer represented a Kentuckian and appeared in federal court within the geographical boundaries of the Commonwealth of Kentucky, so Kiefer should have sought admission to the Kentucky bar. Essentially, Lawrence is arguing that an attorney, duly admitted to the bar in another state and the federal bar in which he is practicing, cannot practice law in the state where that federal court is located without admission to the bar of that state, as well. We reject that contention.

*Lawrence III*, 599 S.W.3d at 820. Moreover, *Lawrence III* also specifically addressed Lawrence's disputes regarding attorney fees:

> Lawrence's claim here seeking to refute the establishment of the amount of attorneys' fees owed, *i.e.* the enforceability of the promissory note, from his prior suit fails because that is the same cause of action as the cause of action in the Kenton Circuit Court suit. As we have stated, a resolution on the merits exists via the Kenton Circuit Court's grant of default judgment. And it goes without saying that identity of parties exists here because the same two parties are involved in this litigation as in the Kenton County litigation. Because all the elements of claim preclusion are satisfied here, Lawrence's challenge on the amount of attorneys' fees owed, *i.e.* the enforceability of the promissory note, is precluded. Any argument made by Lawrence seeking to renege on his obligation owed per the promissory note is barred by claim preclusion.

*Id.* at 825-26. We agree and therefore uphold the circuit court's judgment.

-14-

Next, Lawrence asserts claims of negligence, legal/professional malpractice, and breach of contract, claiming that Bingham "solicited, arranged and agreed to provide qualified legal counsel, legal representation and professional services to Plaintiffs jointly and individually but negligently and intentionally failed to do so" from 2008 through 2016. R. at 6. In doing so, Lawrence alleges that Bingham "invented what they told the federal judge was their 'unique procedure' that they elected to supplant the Federal Rules of Criminal Procedure 16, stumble[ed] their way into having their client indicted and convicted of a federal felony," and allowed "the client's exculpatory evidence [to be] precluded by the trial court." R. at 5. Lawrence avers that "the general guilty verdict was entered by a jury that never heard the exonerating evidence." *Id*.

These claims are the same allegations already rejected as premature by the Kentucky Supreme Court in *Lawrence II*, 567 S.W.3d 133. "[M]alpractice by any other name still constitutes malpractice . . . . Misconduct may consist either of negligence or of the breach of the contract of employment. It makes no difference whether the professional misconduct is found in tort or contract, it still constitutes malpractice." *Omlin v. Kaufman & Cumberland Co., L.P.A.*, 8 F. App'x 477, 479 (6th Cir. 2001) (quoting *Muir v. Hadler Real Estate Mgmt. Co.*, 4 Ohio App. 3d 89, 446 N.E.2d 820, 822 (Ohio Ct. App. 1982)); *see also*

*Saalwaechter v. Carroll*, 525 S.W.3d 100 (Ky. App. 2017). In *Lawrence II*, our

Supreme Court adopted the Exoneration Rule in Kentucky law:

> [T]o survive a motion to dismiss for failure to state a claim in a professional malpractice case against a criminal defense attorney, the convicted client must plead in his complaint that he has been exonerated of the underlying criminal conviction. He or she need not prove actual innocence, but they also may not rely solely upon a claim of actual innocence in the absence of an exonerating court decision through appeal or post-conviction order. Further, the statute of limitations on the legal malpractice claim does not begin to run until the post-conviction exoneration occurs.

567 S.W.3d at 141. Accordingly, our Supreme Court held that Lawrence's claims

of legal malpractice were properly dismissed pursuant to CR 12.02(f) because he

had not been exonerated on his criminal conviction. *Id.* at 141. Bingham has not

alleged that he has been exonerated of his criminal charges in the present case, nor

can he, as he has exhausted all post-conviction remedies without success.

Therefore, the Exoneration Rule still applies to bar Lawrence's claims regarding

any alleged failures of his counsel in his criminal trial.

We now turn to Lawrence's claims of slander of title and conversion.

Lawrence alleges that Bingham "illegally foreclosed on commercial properties"

belonging to Lawrence and has sued in this case "to set aside foreclosure and sale

of [his] business commercial property. Damages are catastrophic and continuing

. . . ." R. at 4-5. These claims are already being litigated in Gallatin Circuit Action

No. 14-CI-00055.  In that case, the Gallatin Circuit Court has transferred the property back to Lawrence as a result of *Lawrence III*, 599 S.W.3d 813, and there are currently three pending appeals, Appeal Nos. 2020-CA-1131, 2020-CA-1217, and 2021-CA-0320, regarding that case before our Court.  "Piecemeal litigation and splitting of causes of actions are highly disfavored."  *Turner v. C & R Asphalt, LLC*, 579 S.W.3d 194, 197 (Ky. App. 2019).  These claims must be confined to that litigation.  *See Arnold v. Patterson*, 229 S.W.3d 923, 925 (Ky. App. 2007).

Lawrence additionally argues that the following section of Kentucky Supreme Court's opinion in *Lawrence III* preserves his numerous claims of "sale of property defective," "proceeding with the foreclosure sale," "violation of public policy," breach of fiduciary duty, "unenforceability of the security interest contract," "common law principles," and "generally other issues 'undecided,'" permitting him to bring them anew before our Court:

> Lawrence raises a number of other arguments in his attempt to attack the validity of the trial court's grant of summary judgment and proceeding with the foreclosure and sale:  1) the order of sale and order confirming sale of the property that were entered by a judge that later recused should be rendered null and void because of that recused judge's disqualification; 2) further discovery was warranted; 3) the sale of the property was defective for a number of reasons; 4) the proceedings occurring in the Kenton Circuit Court case should have stayed proceedings in the Gallatin Circuit Court.  Although we do not reach these arguments at this time, *should Lawrence lose on remand he would not be barred from making these same arguments in the future.*

-17-

*Lawrence III*, 599 S.W.3d at 829 (emphasis added). In *Lawrence III*, the Kentucky Supreme Court rejected all of Lawrence's arguments except whether Bingham met the standards of SCR[11] 3.130(1.8)(a) in accepting the mortgage Lawrence offered to secure the unpaid attorney fees. *Id.* at 827. Our Supreme Court specifically noted that violation of a rule of professional conduct does not support a separate cause of action. *Id.* at 828. We agree with the circuit court that our Supreme Court clearly intended that Lawrence would be permitted to raise those arguments on appeal Gallatin Circuit Action No. 14-CI-00055 should he lose on remand in that case, and there are in fact currently pending appeals in that case. Our Supreme Court did not suggest that Lawrence would be able to bring the same claims already appealed to our highest court before a new court of law.

Next, we address Lawrence's claim of fraud by omission.

With particularity, [Lawrence] states this claim is inclusive of but not limited to: failure to comply with public policy, professional rules, procedural rules of the federal district court, requirements for admission and authority to practice law in Kentucky with KBA [*pro hac vice*] admission, deceit as to the payment of the federal [*pro hac vice*] fee, refusing to supply Lawrence with one complete copy of the client file, assisting opposing counsel in defeating a post trial [sic] rule 33 motion for new trial, fabricating a ["]unique["] rule of federal procedure that precluded exonerating evidence from the trial, tribunal and jury.

---

[11] Kentucky Supreme Court Rules.

-18-

R. at 7.

To the extent that Lawrence references his allegations of unauthorized practice of law, this claim has already been rejected by our Supreme Court. *Lawrence III*, 599 S.W.3d at 820. Where this claim relates to Bingham's performance during Lawrence's criminal trial and post-conviction motions, it is barred by the Exoneration Rule. Insomuch as this claim relates to the amount of fees charged for legal representation by Bingham, it is barred by claim preclusion in *Lawrence I*, 567 S.W.3d at 131. Where this claim relates to Bingham's interest in the mortgaged property, it is already being litigated in Gallatin Circuit Action No. 14-CI-00055 and in several related appeals and is therefore an impermissibly split claim brought improperly before our Court.

Finally, we address Lawrence's claims under the FDCPA in 15 U.S.C.A.[12] § 1692e and f. Lawrence contends that Bingham used "false, deceptive and/or misleading representations or means in connection with the collection of the claimed attorney fees/note/mortgaged." R. at 9. Lawrence alleges: (1) that Bingham's actions constitute false representations and "threat[s] to take action that cannot be legally taken" under 15 U.S.C.A. § 1692e(2) and (5); and (2) that Bingham is a "debt collector" using "unfair or unconscionable means to collect or attempt to collect" the claimed attorney fees under 15 U.S.C.A. § 1692f. Lawrence

---

[12] United States Annotated.

-19-

continues to argue that Bingham is liable for damages due to its representation of him in the criminal case, and that, as a result of this allegedly deficient representation, Bingham should not be permitted to take any collection efforts against Lawrence for his unpaid legal fees.

The circuit court properly dismissed this claim for a number of reasons. First, as Bingham points out, Bingham is the owner and originator of the debt and is therefore excluded from the FDCPA. *See* 15 U.S.C.A § 1692a(6) (excluding from the term "debt collector" the originator of the debt); *Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718, 1721 (2017) (holding the FDCPA does not apply to the owner of a debt). Second, Lawrence did not bring this claim "within one year from the date on which the violation occur[red]." 15 U.S.C.A § 1692a(6). The property at issue was sold, and the sale confirmed on May 30, 2018, making this claim far outside the statute of limitations. *Lawrence III*, 599 S.W.3d at 820.

Lawrence also argues that the circuit court violated Kentucky's Open Court Doctrine by granting Bingham's motion to dismiss. The Open Court Doctrine contained in the Kentucky Constitution, Section 14, provides, "[a]ll courts shall be open, and every person for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay." However, at this juncture, Lawrence

-20-

has alleged that Bingham committed legal malpractice of sorts in four different civil cases. The Open Court Doctrine does not permit plaintiffs to bring the same claim in different clothes when the claim has already been addressed or is currently being addressed by the courts.

Having affirmed the circuit court's dismissal of Lawrence's complaint, we turn to the circuit court's award of CR 11 sanctions. CR 11 provides:

> The signature of an attorney or party constitutes a certification by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee. The Court shall postpone ruling on any Rule 11 motions filed in the litigation until after entry of a final judgment.

Where CR 11 sanctions are imposed, Kentucky Courts have employed a multi-standard approach, applying (a) "a clearly erroneous standard to the trial court's findings in support of sanctions," (b) "a *de novo* review of the legal

-21-

conclusion that a violation occurred," and (c) "an abuse of discretion standard on the type and/or amount of sanctions imposed." *Bowman*, 762 S.W.2d at 421.

Lawrence argues that sanctions are inappropriate because his "[c]laims of professional negligence and breach of fiduciary duty are filed here in good faith to determine the extent of coverage of the Kentucky Exoneration Rule specifically in regard to the 'conviction' vs. the 'sentencing' and 'restitution.'"[13] Appellant's Brief at 23. However, Lawrence's amended complaint did not even attempt to "determine the extent of coverage of the Kentucky Exoneration Rule" as claimed in his brief. *Id.* Moreover, our Supreme Court already considered and rejected Lawrence's arguments regarding Bingham's post-trial representation and activities when it affirmed dismissal of Gallatin Circuit Action No. 15-CI-00113 pursuant to the Exoneration Rule. In that case, Lawrence specifically argued that the Exoneration Rule was not applicable to "intentional post-trial betrayal." *Lawrence I*, 567 S.W.3d at 137. The Kentucky Supreme Court disagreed, and all of Lawrence's claims in *Lawrence I* were dismissed pursuant to the Exoneration Rule.

---

[13] Here, Lawrence references his second amended complaint that he failed to properly file before the circuit court pursuant to CR 15.01. CR 15.01 ("A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party . . . .").

Even if Lawrence's claims are not barred by the Exoneration Rule, they are barred by claim preclusion. *Lawrence III*, 599 S.W.3d at 824-25. *Res judicata*, also known as claim preclusion, bars any claims brought, or that could have been brought, in a prior action. *Yeoman v. Commonwealth Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky. 1998). In *Lawrence II*, our Supreme Court found that all of Lawrence's ancillary claims, including intentional infliction of emotional distress, "stem[med] from the same professional negligence claim, a claim that . . . fails due to lack of exoneration." *Lawrence II*, 567 S.W.3d at 141. Subsequently, in *Lawrence III*, the Kentucky Supreme Court specifically held that the federal court's denial of Lawrence's ineffective assistance of counsel claims precluded him from relitigating issues as to Bingham's representation of him in a criminal case. *Lawrence III*, 599 S.W.3d at 824 ("Neither the federal magistrate judge nor the federal district judge found any hint of deficient performance on Kiefer's part. Whether Kiefer's performance in representing Lawrence was deficient is an issue that has already been litigated.").

The circuit court correctly noted that Lawrence's claims are "duplicative of those raised in the previous cases," and that, for those issues that were "preserve[d]" in previous Supreme Court cases, the proper avenue is to address them in those cases, not through new litigation. R. at 509. Lawrence himself concedes that he filed this claim while lawsuits addressing the underlying

-23-

matters were pending before the appellate court. We agree with the circuit court's determination that Lawrence is seeking to relitigate legal issues previously decided by our courts that are either final or pending.

Accordingly, we find no abuse of discretion in the circuit court's order granting sanctions. The circuit court's finding that this case was "duplicative, unnecessary litigation" was not erroneous, and the circuit court did not abuse its discretion on the type or amount of sanctions imposed. R. at 511. CR 11 authorizes the imposition of attorneys' fees and costs, and the circuit court awarded Bingham $2,937.00 in attorney fees and $137.73 in costs.

Lawrence cannot continue to bring the same lawsuit against Bingham in different clothing without consequence simply because he does not like the courts' previous adjudications. "[T]he United States Supreme Court has explained that every paper filed in court exhausts some of the court's limited resources. . . . [W]here a *pro se* litigant files repetitious and frivolous claims, a court may bar prospective filings to prevent the deleterious effect of such filings on scarce judicial resources." *Cardwell v. Commonwealth*, 354 S.W.3d 582, 585 (Ky. App. 2011) (citing *In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 996, 103 L. Ed. 2d 158 (1989)). We advise Lawrence to refrain from pursuing comparable claims in future lawsuits unless he seeks to incur further, more severe sanctions.

## IV. CONCLUSION

In light of the foregoing, we AFFIRM the circuit court's judgment.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Meredith L. Lawrence, *pro se*
Warsaw, Kentucky

B. Katy Lawrence
Warsaw Kentucky

BRIEF FOR APPELLEES:

Aaron Vanderlaan
Frank Tremper
Covington, Kentucky